GEORGE M. BURR *vs.* JOHN SEYMOUR.

June 2, 1890.

Service by Publication—Amendment of Affidavit.—In an action commenced against a non-resident defendant by publication of the summons, where judgment for want of an answer is properly entered, except that the affidavit of publication is insufficient, if the summons was in fact duly published, and no facts appear to show that it would be unjust to the defendant, or would affect intervening rights of third persons, the court ought, under Gen. St. 1878, *c.* 66, §§ 124, 125, to allow a proper affidavit of publication to be filed *nunc pro tunc*.

Appeal by plaintiff from the order of the district court for Crow Wing county, *Ensign*, J., presiding, (acting for the judge of the 15th district,) which is mentioned in the opinion.

*W. S. McClenahan*, for appellant.

*White & Reynolds*, for respondent.

GILFILLAN, C. J. This action was commenced against a non-resident defendant by publication of the summons, and judgment was entered against him by default. The affidavit of publication of the summons filed with the clerk for entry of judgment did not show a

v.43M.—26

sufficient publication. Defendant, appearing specially for that purpose, moved to set aside the judgment on that ground. The plaintiff at the same time moved for leave to file *nunc pro tunc* a proper and sufficient affidavit of publication. The motions were heard at the same time, and by the same order the first motion was granted and the second denied. On the motions the plaintiff showed that the defect in the affidavit of publication filed, occurred through mistake and inadvertence, and that due publication was in fact made. Except on these facts, neither party invoked, and neither made any case calling into exercise, the discretion of the court. By the record the judgment appeared to be void. *Godfrey* v. *Valentine*, 39 Minn. 336, (40 N. W. Rep. 163.) And unless it should be corrected so as to show proper publication, and so as to make the record show a valid judgment, the defendant had a right to have it vacated. That is, the defendant (there being no question of laches in respect to making the motions in the case) was entitled to the relief he sought, unless the plaintiff's motion ought to have been granted; in which case, of course, defendant's motion could not prevail.

The question is, then, was the plaintiff entitled, under the facts appearing, to have the record corrected so as to show the fact as it actually was? We think he was. The jurisdiction of the court was acquired by the fact of service, and not from the proof of it filed. *Kipp* v. *Fullerton*, 4 Minn. 366, (473;) *Com'rs of Mille Lacs Co.* v. *Morrison*, 22 Minn. 178. So that as soon as the summons was duly published, the jurisdiction over the cause was complete, though no affidavit of publication had been made. And we may say here that, were this judgment set aside, the plaintiff could at once file proper proof of publication, and, as the time for defendant to answer had expired, the same judgment might immediately be entered. The plaintiff was in the same position when the judgment was entered. He was entitled to the judgment. By reason of the mistake or inadvertence in the matter of the affidavit of publication filed, he failed to secure a judgment valid upon the record, but which would be valid if the fact as it was in respect to the publication had been made to appear in the record. The power of the court to amend the record in such a case cannot be doubted. Gen. St. 1878, c. 66, §§

124, 125. It is a power given to be exercised in the furtherance of justice. Of course, if, since the entry of such a judgment, circumstances have arisen that would make it unjust to the defendant, or if rights of third parties have intervened, so that the amendment might operate as fraud upon them, it ought not to be allowed. A party ought not to be relieved, at the expense of others, from the consequences of his own mistake or inadvertence. If any one must suffer from it, he, and not other innocent persons, should be the sufferer. But where, as in this case, there is only the bare fact that, in a cause of which the court had complete jurisdiction, the party has failed, through mistake, to secure what he was of right entitled to, we think the statute intends that the omission or mistake shall be corrected. If not a matter of strict right in such a case, sound discretion should grant the relief. We do not mean that defects in jurisdiction, mistakes or omissions that prevent the jurisdiction attaching, may be cured *nunc pro tunc;* and we suspect that, in refusing the relief, the court below had not in view that, notwithstanding the defect in the affidavit of publication, the court had full jurisdiction of the cause, and when the judgment was entered the plaintiff was entitled to it.

Order reversed, and the court below will enter an order refusing defendant's and granting plaintiff's motion.