JOHN H. BRIGHAM v. CONNECTICUT MUTUAL LIFE INSURANCE COMPANY.

October 20, 1898.

Nos. 11,237—(67).

Findings of Court—Fact of Residence—Error to Refuse Finding on Material Issue.

Order denying a new trial reversed for failure to find on a material issue when requested to do so.

74 M.—3

Action in the district court for St. Louis county to set aside the foreclosure of a mortgage. The cause was tried before Moer, J., without a jury, and judgment was ordered for defendant. Plaintiff's motion for additional findings was denied, and judgment was entered against him. From the judgment plaintiff appealed. Reversed.

*Jaques & Hudson* and *John H. Brigham,* for appellant.

*S. T. & Wm. Harrison,* for respondent.

CANTY, J.

Plaintiff was the owner of a certain city lot, on which there are several buildings used as flats. He mortgaged the property to defendant. The mortgage was foreclosed under the power of sale, and this is an action to set aside the foreclosure on the ground that at the commencement of the foreclosure proceedings, and during all the time they were pending, plaintiff actually occupied a portion of the mortgaged premises, and no notice of the time and place of the foreclosure sale was ever served on him, as required by G. S. 1894, § 6032.

On the trial the court made and filed its findings of fact, and ordered judgment for defendant. Plaintiff made a motion for an additional finding, in which the court would find whether or not he resided upon or actually occupied the premises, or any part thereof, at the time in question. The motion was denied.

In our opinion this is error. The questions of such residence and occupancy are vital questions in the case, and the court never found on those questions at all. The evidence showed, and the court found, that the different flats were occupied by tenants; that in flat No. 208½, consisting of seven rooms, plaintiff reserved two rooms, one for himself and one for his sister, and rented the rest of that flat to three ladies by the name of McFadden. In the seventh finding the court finds that at the time in question plaintiff and his sister kept a house at Fond du Lac, another place in the same county, and further finds "that part of the time plaintiff slept at the said house at Fond du Lac, and part of the time at said flat 208½." This is not a finding that he slept in either of the two rooms which he reserved, or that he slept there at or about the time of the

service of the notice. But, even if he had, it would not show that he actually occupied the room continuously, or any longer than while he was actually in it. It might have been a vacant room, in which he placed a cot, and slept on it all night, and then took the cot out in the morning, and left the room as vacant as before.

For this error the order appealed from is reversed, and a new trial granted.