JOHN H. BRIGHAM v. CONNECTICUT MUTUAL LIFE INSURANCE COMPANY.

May 4, 1900.

Nos. 11,872—(33).

**Mortgage Foreclosure—Service of Notice of Sale.**

> Service of notice of mortgage foreclosure upon a person of suitable age and discretion, then resident in a suite of rooms of an apartment house, by handing to and leaving with such person a copy of such notice in the absence of the person to be served, is a complete service, although such person is not a member of the family or household of the person on whom service is made.

Action in the district court for St. Louis county to set aside a mortgage foreclosure sale. The case was tried before Ensign, J., who found in favor of defendant. From an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*Jaques & Hudson,* for appellant.

*S. T. & Wm. Harrison,* for respondent.

LOVELY, J.

It is sought to set aside a mortgage foreclosure sale made by advertisement under G. S. 1894, c. 81, tit. 1, upon the ground that no proper service of the foreclosure notice was made upon the occupant in possession of the mortgaged premises,—a lot in the city of Duluth,—under the requirements of section 6032 of the chapter referred to. This case was here before upon an appeal from a refusal of the trial court to find fully upon the facts constituting the alleged service,—in respect to its being made upon the mortgagor at the "house of his usual abode, with some person of suitable age and discretion then resident therein." 74 Minn. 33, 76 N. W. 952. In the present action the court below found very fully upon the contested service,—the facts which, it is claimed, sustain its conclusion of law that the service was good, and that the sale of the mortgaged property was valid.

The court found as facts: That plaintiff, Brigham, was the owner of a flat or apartment consisting of five rooms, all of which adjoined a common hall on the second floor of a house on the mortgaged lot in the city of Duluth. He had leased all of these rooms but one to Mary and Maggie McFadden; reserving this one room for himself, where he slept. He obtained his meals outside the building. This apartment was constructed and intended for a family residence. There was also another room in the attic, reserved to plaintiff, which he could only reach by passing through the kitchen of the same suite. This was the actual and only abode of plaintiff. The entrance to his reserved room was by means of a front stairway, which ascended to the hall referred to, from which all the rooms in the flat were accessible. At the time of the service the deputy sheriff went to the premises to find plaintiff, who was absent from home, and substituted service was then made upon him through the McFadden sisters, who were persons of suitable age and discretion, and the only persons found on the premises who resided in this flat. The service thus attempted was made by handing to and leaving with each of these ladies two true and correct copies of the necessary notice, which in all other respects was served in accordance with law. It does not appear whether the notices were delivered by the McFaddens, or either of them, to

plaintiff; but there is evidence tending to show that before the sale he knew of the foreclosure proceedings, by inspection of the records.

Upon the service thus made, the deputy sheriff returned that he had served the notice upon the plaintiff, as occupant of the premises, by leaving copies of the same, as above stated, with the Misses Mary and Maggie McFadden, at the house of plaintiff's usual abode, with said persons, who were of suitable age and discretion, then resident therein. In this respect the return strictly follows the language and requirements of the statute, and is presumably a compliance with the law, unless the fact that the reservation of a single room by an owner of a building, as in this case, makes such room the house of his usual abode, as distinct from the remainder of the flat; and we cannot hold that it does. Such a construction of the statute, besides violating the plain terms of the law itself, which provides a rule for substituted service, and which should be construed with reasonable strictness, must lead to confusion, and would impose, by unreliable conditions and appearances, upon the officer who is required to make the service. In this case we hold that the entire flat or apartment, under the facts as found, constituted the house of plaintiff's usual abode; that the McFaddens were residents therein, and of suitable age and discretion. From which it follows that a proper service of the notice was made upon plaintiff, and the order appealed from must be affirmed.

Order affirmed.