MELVILLE M. FOWLER v. SOPHIA L. COOPER.[1]

July 30, 1900.

Nos. 12,041—(204).

Process—Proof of Service.

It is within the power of the district courts of this state to supply an omission in the original proof of service upon which a default judgment is entered, by ordering such proof to be made a part of the judgment roll nunc pro tunc.

Same—Summons in Action for Divorce.

So *held* in a proceeding for divorce, when the judgment roll showed that an improper substituted service had been made, and subsequently an affidavit was attached, by order of the court, to the judgment roll, showing actual personal service on defendant therein.

Same—Corrected Judgment Roll.

The judgment roll, when so corrected, *held* to show a valid decree of divorce between the parties, and as against plaintiff herein, who seeks to annul a subsequent marriage between himself and the defendant in the proceedings upon the ground that no valid judgment of divorce was granted.

Action in the district court for Hennepin county to have a marriage declared null and void. The case was tried before McGee, J.,

[1] Reported in 83 N. W. 464.

who found in favor of defendant. From an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*Welch, Hayne & Hubachek*, for appellant.

It was error to receive in evidence the affidavits of Papst and Cooper and the ex parte orders directing them to be filed. If these were intended as an amendment, such amendment is not proper under G. S. 1894, § 5266, for by that section only a "pleading, process or proceeding" may be amended "by correcting a mistake." An affidavit of service is not a "pleading, process or proceeding"; nor do the orders correct, or pretend to correct, a mistake. They attempt to "supply an omission," and that can be done only under section 5267, which does not apply to a final judgment in divorce. Neither do these affidavits or the orders comply with sections 5266 or 5267. No mistake, inadvertence, suspense, or excusable neglect is shown. The affidavit of Papst is not an affidavit of service. It simply purports to define the route by which these papers reached Cooper after they left the hands of Hall, who has sworn that he served them. No amendment of the return will be permitted to affect the rights of third parties. If the marriage ceremony between the plaintiff and defendant is a nullity, by reason of the fact that the defendant had a former husband living, such ceremony cannot be made valid by the attempt to make that a judgment of divorce which, at the time of such ceremony, was a nullity. The status of plaintiff and defendant cannot be altered by resort to sections 5266 or 5267. Castner v. Symonds, 1 Minn. 310 (427); Wells v. Giescke, 27 Minn. 478; Main v. Lynch, 54 Md. 658. There can be no amendment of a return of service if there was no service. The jurisdiction of the court is acquired by the fact of service, not from proof of it filed. Defects in jurisdiction, or mistakes or omissions that prevent jurisdiction from attaching, cannot be cured nunc pro tunc. Defects in matters of substance and a jurisdictional defect cannot be cured by amendment. Duxbury v. Dahle, 78 Minn. 427.

The recitals in the findings and in the judgment in the former action that the summons was duly served are of no avail. At the time of these findings and judgment, there was only one return of

service on file, to-wit, Hall's. The findings and judgment are controlled by the return of service; if a conflict exists between the recital in the judgment and that in the return, the latter must prevail. Dickison v. Dickison, 124 Ill. 483; Godfrey v. Valentine, 39 Minn. 336; Brown v. St. Paul & N. Pac. Ry. Co., 38 Minn. 506; Barber v. Morris, 37 Minn. 194; Jewett v. Iowa Land Co., 64 Minn. 531; Brattland v. Calkins, 67 Minn. 119; Alderson, Jud. Proc. 546. The hearing, in the absence of service duly made and proved, was void, for section 4798 provides that the court may proceed to hear and determine an action only after service duly made and proved. This is analogous to the provision of statute that the summons may be published "upon the filing of an affidavit." The absence of the filing of the affidavit has been held to make the publication invalid. Barber v. Morris, supra. Due and proper service must appear on the record before the court is authorized to enter judgment by default. 1 Black, Judg. § 83; Wilkinson v. Bayley, 71 Wis. 131. Personal service is made by the party serving directly the party to be served without intervention of any third person or agency, and the person serving must have authority from the plaintiff to make the service. Handing the papers by the person serving them to a third person residing at the defendant's house of abode, with the request to such third person to deliver them to the defendant, does not constitute an authorization to such person to serve. There must be the intent and purpose that such person shall act for and in behalf of the plaintiff, as an officer of the law, in starting the machinery of the court. Williams v. Van Valkenburg, 16 How. Pr. 144; Dolbear v. Town, 19 Vt. 388; Savings Bank v. Authier, 52 Minn. 98; McNamara v. Canada, 11 Daly, 297; Sperry v. Reynolds, 65 N. Y. 179, 188; 22 Am. & Eng. Enc. 111; Guarantee v. Buddington, 23 Fla. 514; Lillard v. Brannin, 91 Ky. 511; Leavitt v. Leavitt, 135 Mass. 191; Brown v. Brown, 15 Mass. 389; Heffner v. Gunz, 29 Minn. 108; Morey v. Morey, 27 Minn. 265. See also Smith v. Smith, 9 Mass. 421; Labotiere v. Labotiere, 8 Mass. 382; Randall v. Randall, 7 Mass. 501; Welch v. Welch, 16 Ark. 527; First v. Wilson, 80 N. C. 200; Sanford v. Edwards, 19 Mont. 56; 1 Bishop, Mar., D. & S. § 552. When the record itself discloses that the court had no jurisdiction of the controversy, or that jurisdiction of defendant's person did not

attach, the judgment is a nullity. 1 Black, Judg. § 278; Cheely v. Clayton, 110 U. S. 701; Coit v. Haven, 30 Conn. 190; Duxbury v. Dahle, supra; 2 Bishop, Mar., D. & S. § 1545.

*A. H. Hall* and *C. J. Cahaley,* for respondent.

The court did not err in receiving in evidence the entire judgment roll. It had power under G. S. 1894, § 5266, to order the affidavit of Papst to be made part of the judgment roll. See 1 Am. & Eng. Enc. 546; 19 Id. 220–222; Hanna v. Russell, 12 Minn. 43 (80). It also had power under G. S. 1894, § 5267. Without regard to statute, power existed by virtue of common law. Courts of record have never hesitated, without regard to statutes of amendment and jeofails, to correct errors and omissions in their records on the mere suggestion that the record was not an absolute verity. This power, the courts have always claimed, was inherent, when its exercise would make their records speak the truth and would preserve justice or prevent wrong. Pennsylvania v. Bunnell, 81 Pa. St. 414, 419; Rhoads v. Com., 3 Harris (Pa.) 272, 276; Frink v. Frink, 43 N. H. 508, 514. The court may make amendments upon any competent legal evidence, it being the sole judge as to the amount and kind of evidence required as to what was the real order or the actual proceeding before it. Weed v. Weed, 25 Conn. 337, 342; King v. State, 9 Ark. 185, 188; Murphy v. Stewart, 2 How. 263; Tatem v. Potts, 5 Blackf. (Ind.) 534; Lewis v. Ross, 37 Me. 230; Harrington v. Slade, 22 Barb. 161; Arrington v. Conrey, 17 Ark. 100; Clark v. Lamb, 8 Pick. 415; Rugg v. Parker, 7 Gray, 172; Hollister v. Judges, 8 Oh. St. 202; Wilson v. Gale, 4 Wend. 623; Wight v. Alden, 3 How. Pr. 213; Bilansky v. State, 3 Minn. 313 (427); Berthold v. Fox, 21 Minn. 51, 55.

As between the parties to the action it is a matter of absolute right to have the record amended so as to speak the entire truth. If the rights of others are not affected by such amendment, it may take effect as of a prior date. Burr v. Seymour, 43 Minn. 401. See Dunwell v. Warden, 6 Minn. 194 (287); Hinkley v. St. Anthony Falls Water P. Co., 9 Minn. 44 (55); Bigelow v. Chatterton, 10 U. S. App. 267; Jones v. U. S., 16 How. Pr. 129. The right to an order nunc pro tunc is subject to but one restriction,—that the right must not

be exercised to the prejudice of rights accruing in strangers to the judgment sought to be so amended. In an action for divorce, however, there can be no stranger who can acquire any rights by or through a decree annulling a marriage. Where there was a defect in the affidavit of publication filed, but proper publication had been made, the court had jurisdiction of the cause, and when the judgment was entered plaintiff was entitled to it. Under these circumstances it was the duty of the court to file the amended or new affidavit nunc pro tunc. Burr v. Seymour, supra; Jones v. U. S., supra; Williams v. Stevenson, 103 Ind. 243; Gilman v. Stetson, 16 Me. 124; Scruggs v. Scruggs, 46 Mo. 271; Jeffries v. Rudloff, 73 Iowa, 60; O'Brien v. Gaslin, 20 Neb. 347; Shenandoah v. Ashby, 86 Va. 232; Spellmyer v. Gaff, 112 Ill. 29; Dunham v. Wilfong, 69 Mo. 355; Wilkins v. Tourtellott, 28 Kan. 589; Marshall v. Fisher, 1 Jones, L. (N. C.) 111; Rickards v. Ladd, 6 Saw. 40.

The judgment, even if we ignore the affidavits of Papst and Cooper, does not affirmatively show want of jurisdiction, and it is therefore not subject to collateral attack. G. S. 1894, § 4798, does not provide for making any written proof of service. The court found that the summons and complaint were duly served. This is a finding that they were served in the manner and form required by law. Kipp v. Fullerton, 4 Minn. 366 (473); Hotchkiss v. Cutting, 14 Minn. 408 (537); Nye v. Swan, 42 Minn. 243; Herrick v. Butler, 30 Minn. 156; Board of Co. Commrs. v. Morrison, 22 Minn. 178; Johnston v. Higgins, 15 Minn. 400 (486); 12 Am. & Eng. Enc. 1473.

Plaintiff in this action being a stranger to the judgment cannot impeach it, either directly or collaterally. By virtue of his relations to defendant in this action he is estopped. Freeman, Judg. (3d Ed.) § 335; Van Fleet, Coll. Attack, § 860; Kipp v. Fullerton, supra; Applegate v. Applegate, 107 Iowa, 312; Nichols v. Nichols, 25 N. J. Eq. 60. Even where a judgment of divorce is admittedly void for want of jurisdiction, long delay in making any move to correct the defect or to open it estops the injured party from avoiding it for the want of jurisdiction. Reed v. Reed, 52 Mich. 117; Williamson v. Williamson, 1 Johns. Ch. 488; Valleau v. Valleau, 6 Paige, 207; Fellows v. Fellows, 8 N. H. 160; Rawdon v. Rawdon, 28 Ala. 565; Peipho v. Peipho, 88 Ill. 438; Colby v. Colby, 64 Minn. 549, 552.

LOVELY, J.

This is an action brought by plaintiff to annul the marriage between himself and defendant upon the alleged contention that defendant at the time such marriage was entered into was the lawful wife of another person then living. The action was tried to the court, who found in favor of the defendant. The evidence to support the claim of the plaintiff consisted of the record of a divorce proceeding in which the defendant, Sophia L. Cooper, was plaintiff, and her husband, James H. Cooper, was defendant. In that action service had been made by plaintiff's attorney therein, who, under a mistaken impression, evidently, of the application of the statute providing for substituted service, served the summons and complaint upon the defendant by leaving a copy thereof at his last and usual place of abode, with a person of suitable age and discretion therein. It was upon the service so made and verified that a judgment in favor of plaintiff and against defendant, divorcing the parties from the bonds of matrimony, was rendered. The claim by plaintiff in this action is that the record of such divorce does not show affirmatively that plaintiff and defendant in such divorce suit were legally separated in that action, and that it follows that the plaintiff and defendant in this suit could not have lawfully entered into the marriage relation, by reason of the existence of such former marriage of the wife. So far as this question is concerned, we may admit that such would be the effect of that kind of service, if there were no other on which to predicate such judgment; for there is no doubt that in divorce proceedings the summons and complaint cannot be served in that way. However, some six years after the judgment had been entered, and after the plaintiff and defendant in this action were married, the plaintiff in the divorce case (defendant here) obtained an affidavit from the person (one Papst) to whom the original summons and complaint were delivered at defendant's usual abode, stating substantially that he took such summons and complaint from the plaintiff's attorney, and at his request delivered the same to the defendant therein on the same day. This affidavit was corroborated by the affidavits of the defendant in that suit which stated that he received the summons and complaint at the time stated; that he afterwards called upon plaintiff's attorney and

stated that he could not defend said action upon the merits, never had defended the same, and had made no objection to the judgment, but abided thereon in good faith. These affidavits were, upon motion to the district court in which the original divorce judgment was entered, ordered filed of record and made a part of the judgment roll in that case; and it is contended by defendant here that this was an amendment to the original proceedings, showing that personal service of the summons and complaint had been made in fact, and that it was within the authority of the court to amend its proceedings, under the provisions of G. S. 1894, § 5267. If this view is tenable, the correction of the judgment roll shows jurisdiction acquired by proper service actually made within the proper time, and sustained the judgment for divorce in the former action. The trial court in this case must have held such view, and we concur therein.

We are of the opinion that the statute allowing amendments of legal proceedings is broad enough in terms to authorize the court, upon proper cause shown, to supply an omission of actual facts in the proof of service of the summons and complaint to be added to the judgment roll. Such view is not only within the letter, but the spirit, of the statute. The facts all appear in the present record which support a final judgment for divorce, upon which all the parties interested seem to have acted; and there is no reason why, against the best dictates of public policy, the court should be driven, upon a mere technicality, without merit, to annul a divorce which has been acted upon in good faith, where the omissions to show the court acquired jurisdiction have been supplied by amendment and correction of the judgment roll. Had the affidavit of Papst been filed, instead of the affidavit of the attorney, in the first instance, the record would have been complete, and the order filing it later, as it subsequently stood, made it complete. It follows that the judgment upon the service as established was a perfect bar to this action at the time this suit was commenced. We think there is no reason to doubt that the court can supply that omission, under the amendment statute referred to, nunc pro tunc. Burr v. Seymour, 43 Minn. 401, 45 N. W. 715.

The order of the court below is affirmed.