## M. B. JAMIESON and Others v. COUNTY OF RAMSEY.[1]

April 28, 1911.

Nos. 16,996—(94).

**Vacating public street — opening judgment.**

> Appellants secured a judgment, no one opposing, vacating a public street, under the provisions of Laws 1909, c. 503. The trial court, on motion of the respondent county, ordered the judgment vacated, and permitted the county to answer. Record considered, and *held*, that the county had a right to be heard on the question of the vacation of the street, that the order was a matter within the discretion of the trial court, and that it was correctly exercised.

Application to the district court for Ramsey county to vacate a certain street. The application was heard before Bunn, J., who made findings of fact and as conclusions of law found that petitioners

[1]Reported in 130 N. W. 1000.

were entitled to an order of court vacating the street and vesting title to it in the petitioners, by extending the side lines of their respective lots across Lake avenue to the westerly and northwesterly boundary thereof. From an order setting aside the judgment, petitioners appealed. Affirmed.

*F. E. Baker* and *Lloyd Peabody,* for appellants.

*Richard D. O'Brien* and *Patrick J. Ryan,* for respondent.

START, C. J.

The appellants herein filed in the district court of the county of Ramsey their application for the vacation of a portion of Lake avenue in Shady Side addition to Bald Eagle, in the county of Ramsey. The application was made pursuant to Laws 1909, p. 635, c. 503 (section 3369, R. L. Supp. 1909). The only provision in the statute for notice of hearing is this: "The petitioner shall cause two weeks' publication to be at least ten days before the term at which it shall be heard." Publication of what, and how? The appellants caused a notice that they would apply for a vacation of the street to the district court of the county of Ramsey at a special term thereof on February 19, 1910, to be published in the Twin City Guardian, a weekly newspaper, on January 22 and January 29. No other notice was given. No one appeared on the day named in the notice in opposition to the application. The trial court, after hearing the matter, directed that judgment be entered vacating the street. It was so entered on February 28, 1910. Thereafter the county attorney of the county of Ramsey, by direction of its board of county commissioners, duly gave notice that on May 21, 1910, he would move the court to set aside the judgment vacating the street and for leave to answer on behalf of the county. A copy of the proposed answer was served with the motion papers. The trial court, after hearing the motion on the merits and on July 6, made its order granting the motion, from which the appellants appealed.

They here urge two general reasons why the order should be reversed: (1) The court had jurisdiction to enter the judgment and it is valid. (2) The county was not a party to the proceedings,

hence it was not aggrieved by the judgment, and had no right to make the motion; and, further, the court had no discretion in the premises, but, if it were otherwise, the showing by the county was not sufficient to justify the order vacating the judgment.

1. It is not entirely clear that the trial court acquired jurisdiction to vacate the street. The original section 3369, R. L. 1905, provided that: "The petitioner shall cause two weeks' (published and posted notice of such application. to be given, the last) publication to be at least ten days before the term at which it shall be heard." The words we have inclosed in parentheses are omitted in the statute as amended by Laws 1909, p. 635, c. 503. The omission was evidently due to a mistake in copying the original section, as the sole purpose of the amendment seems to have been to add a proviso excepting certain villages and cities from the operation of the act. In view of this, it would seem that either the provision in the amendment requiring "two weeks' publication" should be construed as requiring two weeks published notice of such application, as did the section before it was amended, or that the provision should be held void for uncertainty. However this may be, we assume, for the purposes of this appeal only, that the court had jurisdiction to enter the judgment.

2. This is not an ordinary action in personam, but a special proceeding in the nature of an action in rem; hence the fact that the county was not named as a party to the proceeding is not material. No adverse parties are named in the petition or notice, nor was it necessary to do so. The right to appear and be heard on the question of vacating the street is not limited to those who own or occupy land which would be affected thereby. The provision of the statute as to such owners is intended to enable them to appear, be heard, and claim damages, but not to prevent the official representatives of the public from appearing and opposing the vacation. Any other construction of the statute would result in most serious consequences to public interests; for if only the petitioners and landowners, whose land is affected by the vacation, can be heard, then they may, by collusion, mislead the court and secure the closing of important public thoroughfares, leaving the public remedi-

less. We hold that, if the facts alleged in the motion papers and the proposed answer of the county are true, it had a right to appear and be heard on the hearing of the petition to vacate the street, and that whether or not the judgment should be vacated, and the county be permitted to answer the petition, was a matter resting in the sound discretion of the trial court.

This leaves only the question whether the discretion was properly exercised. It appears from the moving papers that the county acted promptly in taking steps to secure a vacation of the judgment when it learned that the street had been vacated, and, further, that a county highway ends where the street begins, and that the existence of the street is necessary to a continuous public way to the shores of Bald Eagle Lake. This claim is contested in the opposing affidavits on behalf of appellants. The merits of the controversy could not be determined on the hearing of the motion. We are of the opinion that the showing made by the county was amply sufficient to call for the exercise of the discretion of the trial court in the premises, and that it was not abused.

Order affirmed.

BUNN, J., took no part.