## JOSEPH F. LOVIN v. H. M. HICKS.[1]

December 8, 1911.

Nos. 17,246—(113).

**Service of summons — "house of usual abode" — question of fact.**

On a motion to set aside the service of a summons attempted to be made by leaving a copy at defendant's house of usual abode with a person of suitable age and discretion then residing therein, it is *held:*

1. That whether defendant's house of usual abode was in a particular city and in a particular building was a question of fact, and that the evidence sustains the finding in this regard.

2. Where a defendant has a store, shop, or office on the first floor of a building, and lives with his family in rooms adjoining or on the floor above, and a copy of a summons is left in such store, shop, or office, with a person of suitable age and discretion then residing in the rooms in which defendant lives, such summons is left at the house of usual abode of defendant and the service is valid.

Action in the district court for Mahnomen county to recover $200.18, balance alleged to be due upon a certain contract of sale.

[1] Reported in 133 N. W. 575.

[Note] As to where process may be served under statutes providing for constructive service by leaving it at one's usual place of abode, residence, and the like, see note in 21 L.R.A.(N.S.) 344.

Judgment against defendant was entered by default on November 4, 1910. On May 6, 1911, he gave notice of motion to set aside the judgment on the ground that the court never acquired jurisdiction over him. The motion was denied, Grindeland, J. From the order denying the motion defendant appealed. Affirmed.

*J. M. Bishop,* for appellant.

*·J. T. Van Metre,* for respondent.

BUNN, J.

This is an appeal from an order denying defendant's motion to vacate the judgment rendered against him in this action, on the ground that the summons was not served upon him. The return of service by the sheriff certified that he served the summons and complaint upon the defendant H. M. Hicks by leaving a true and correct copy thereof "at his last usual place of abode, Thief River Falls, with one Mrs. H. M. Hicks, a person of suitable age and discretion then resident therein."

The facts, as shown by the affidavits used on the hearing, were these: Lots 1 and 2, block 37, Thief River Falls, adjoin each other. There was originally a two-story store building on lot 1, and a separate similar building on lot 2. There had been an arch cut between the buildings on the ground floor, and the entire ground floor of both buildings was occupied by the Hicks Furniture & Carpet Company, which there conducted a furniture business, of which defendant was one of the proprietors. The two buildings were connected on the outside by metal sheathing. An inclosed stairway, common to both buildings, led from the outside to the second floor, which was used for living rooms. Mrs. Hicks, defendant's wife, lived in rooms which were over lot 2. In March, 1910, defendant went to Verndale, Minnesota, to conduct a furniture business, of which he was proprietor. In his affidavit he states that his "house of usual abode" has been in Verndale since March, 1910. The attempted service of the summons was made by handing to and leaving with Mrs. Hicks a copy when she was in the furniture store.

It is the fact of service that controls on the question of whether the court has acquired jurisdiction, and not the proof of such fact

as made or filed. Dunnell, Digest, § 7820. This is conceded, and we may therefore disregard the fact that the return does not show a service at the house of usual abode of defendant.

The questions are: (1) Was it shown that defendant's house of usual abode was in Verndale, or elsewhere than where his wife lived? (2) Was handing the summons to Mrs. Hicks while she was in the store on the first floor a compliance with the law, which required a copy thereof to be left at the house of usual abode of defendant?

1. The first question must be answered in the negative. The term "house of usual abode" means a person's customary dwelling place or residence. Presumptively, in the case of a married man, his house of usual abode is where his wife and family reside. Missouri, K. & T. T. Co. v. Norris, 61 Minn. 256, 63 N. W. 634. Defendant's legal residence was in Thief River Falls, as he registered and voted there at the 1910 fall election. The rooms over the store were reputed to be his abode. The question was one of fact, and clearly the trial court was justified in finding that his usual "house of abode" was in the building where his wife resided.

2. Was the copy of the summons left *at the house of usual abode* of defendant when it was left in the store with his wife? The facts which the trial court was justified in finding, and which must form the basis for a decision of this question, are simply these: Defendant occupied the first floor of a two-story building as a store, and resided on the second floor—a situation by no means uncommon.

It is true that a service by leaving the summons at the place of business of defendant is not a compliance with the statute, where his residence and place of business are in separate houses or buildings. Nor is the case analogous to one where defendant lives in a hotel or apartment house, and the summons is left with other tenants in rooms not occupied or leased by defendant. It is more nearly like a case where a defendant has his shop or office in his house, and the summons is left in such shop or office, with his wife or a member of his family. The words *"at his house of usual abode"* do not mean *"in"* such house. The word "at" expresses the idea of nearness of place, and is less definite than "in" or "on." A service made on

the steps or walk leading to a defendant's house of abode would be "at" such house, as would probably be a service made in a shed or garage belonging to defendant, situated near the house, providing, of course, that the copy was left with a person of suitable age and discretion who resided in the house. In the case at bar, had the summons been left with defendant's wife as she was descending the stairs, or at the entrance leading from the stairway, it would have been a good service.

It is true that the statute, providing as it does for a substituted service, should be construed with reasonable strictness; but a construction should not be adopted that would defeat the purpose of the statute, or make it unreasonably difficult to obtain service of summons or process. The reason for permitting this substituted service is that, where the summons is left at the usual place of abode of defendant and with a person of suitable age and discretion, defendant will in all probability receive it. To hold that the summons must be left actually *in* the house or *in* the rooms that constitute the place of abode would make it easy to avoid the service, and unreasonably difficult for the server.

We hold that where a defendant has his shop, store, or office on the ground floor of a building, and has his place of residence in other rooms in the building, either on the same floor or on the floor above, and a copy of a summons is left in the store, shop or office with a person of suitable age and discretion who resides in the rooms used by defendant as his residence, such summons is left at the house of usual abode within the meaning of the statute, and the service is valid. See Brigham v. Connecticut Mutual Life Ins. Co. 79 Minn. 350, 82 N. W. 668; Lee v. Macfee, 45 Minn. 33, 47 N. W. 309; Berryhill v. Sepp, 106 Minn. 458, 119 N. W. 404, 21 L.R.A.(N.S.) 344; Kibbe v. Benson, 17 Wall. 624, 21 L. ed. 741.

Order affirmed.