# LOUIS MALETTA v. OLIVER IRON MINING COMPANY.[1]

December 22, 1916.

Nos. 19,961—(121).

**Obstructing access to platted lot — evidence.**

1. In an action to recover damages for obstructing access to the plaintiff's property situate on a platted village street, it is *held* that under the evidence the plaintiff, as a matter of law, sustained an injury.

**Vacation of plat not a defense.**

2. A judgment vacating a portion of the plat, not including the plaintiff's property, did not bar a recovery of damages.

**Variance.**

3. There was no variance between the pleadings and proof of a character that misled the defendant and such variance as there was should be disregarded.

**Verdict supported by evidence.**

4. The evidence sustains a recovery of the amount of the verdict.

[1]Reported in 160 N. W. 771.

Action in the district court for St. Louis county to recover $30,000 for obstructing ingress by way of Center street and Fifth avenue in the village of Hibbing to a village lot. The answer, among other matters, alleged that the action was barred by the statute of limitations for any damage to plaintiff's property prior to August 5, 1909. The case was tried before Fesler, J., and a jury which returned a verdict for $750. From an order denying its motion for a new trial, defendant Oliver Iron Mining Company appealed. Affirmed.

*Baldwin, Baldwin & Holmes,* for appellant.
*Jones & Forbes* and *A. G. McKnight,* for respondent.

DIBELL, C.

Action to recover damages for cutting off access to plaintiff's lot. There was a verdict for the plaintiff. The defendant appeals from the order denying its motion for a new trial.

1. The plaintiff is the owner of a lot on Center street between Fourth and Fifth avenues in Hibbing. This portion of Hibbing is platted on an 80-acre tract running east and west. The plaintiff's lot is some 50 feet west of the dividing line between the two forties. In the development of the mines the defendant Oliver Iron Mining Company, the mining lessee, excavated the east 40; and open pit mines extended from a point south of the east 40, and southeast of the plaintiff's property, through the east 40, and north of the plat, and then to the west and south, so that direct access from the territory to the east and north and west was cut off, except as bridges across the open pits afforded access. For a number of years the defendant maintained a bridge across the pit near the southeast corner of the east 40 as a substitute for the street which had been excavated. In November, 1911, it removed it. In 1910, it had constructed a viaduct across the open pit near the northwest corner of the west 40. In January, 1912, it obstructed by a temporary fence Center street east of the plaintiff's lot and between it and Fifth avenue. In June, 1912, it and the fee owners instituted a proceeding in the district court pursuant to G. S. 1913, § 6863, to vacate so much of the plat as was included within the east 40 and so much of the west 40 as was easterly of the easterly boundary of Fourth avenue. This included the plaintiff's lot. Afterwards the proceeding was abandoned as to the land in the

west 40 and the plaintiff's property was not taken. It resulted in a judgment of vacation on August 16, 1912, of so much of the plat as was included within the limits of the east 40 and the streets and public grounds were vested in those entitled to them by virtue of their ownership of the abutting property. The result is that the plaintiff has no access from the street in front of his lot to the east. The plat makes the situation clear. The vacation of the plat permanently deprives the plaintiff of access to his lot along the street to the east. His situation is like that of the plaintiff in Vanderburgh v. City of Minneapolis, 98 Minn. 329, 108 N. W. 480, 6 L.R.A.(N.S.) 741. The street in front of his lot is a *cul de sac*. As a matter of law he sustained injury. The court so charged the jury. No damages were awarded him in the vacation proceeding. The injury to him was caused by the Oliver Company or by the Oliver Company and the fee owners. Injury having been done compensation should be made unless the judgment of vacation is a bar.

2. The statute provides that damages shall be paid before the plat is vacated. No notice except a two weeks' published notice is required. The plaintiff's land was not taken. It was only consequentially damaged. So far as appears the plaintiff did not participate in the proceeding or present a claim for damages. There was no adjudication that he was or was not injured. The judgment of vacation is not a bar.

3. There is a claim of a variance between the pleadings and the proof.

The complaint alleges that the defendant obstructed Center street and cut off ingress and egress to and from the east and that it was in possession of the streets and alleys of the original plat within the limits of the east 40. The defendant pleaded the judgment of vacation. It cannot successfully urge that it was misled. All knew the situation. A variance is immaterial unless it actually misleads, and when immaterial it may be disregarded or an amendment may be directed. G. S. 1913, § 7784 (R. L. 1905, § 4158). The complaint is not a commendable pleading, but such variance as there is should be disregarded.

4. It is claimed that damages were not sufficiently proved. The plaintiff proved value before and after the removal of the viaduct at the southeast of the east 40. This was in November, 1911. There should have. been proof directed to the time of the vacation of the plat. The damages

in a way resulted immediately upon the obstruction of Center street and the removal of the viaduct; but the vacation of the plat and the adjudication of the title to the streets in the owners completed the injury and made it permanent. Afterwards the plaintiff could not have a restoration of the streets to public use. It is apparent that the damages would not have been less if the evidence had been directed to the date of vacation. The evidence sustains the verdict.

The action was dismissed as to the owners of the vacated property except the Oliver Company, the mining lessee. We understand that no question is made of the propriety of a recovery against the Oliver Company if the owners are liable.

Order affirmed.