## N. H. GILLESPIE AND ANOTHER v. CITY OF DULUTH.[1]

July 13, 1917.

Nos. 20,408—(214).

**Proof of title.**

> 1. Actual possession of real estate is *prima facie* evidence of ownership in fee in the absence of evidence showing a superior title, and in such case is sufficient proof of title to sustain an action for damage to the freehold.

**Variance disregarded when immaterial.**

> 2. A variance between pleading and proof is immaterial, unless it actually misleads the adverse party to his prejudice, and when immaterial may be disregarded or an amendment may be directed.

Action in the district court for St. Louis county to recover $1,500 damages for the discharge of sewerage and gases into the basement of plaintiffs' house from a certain sewer. The answer alleged that the sewer was planned and constructed by competent engineers, and they and the owner of the land honestly believed the sewer would be sufficient for the uses to which it was to be put, and that, if plaintiffs' house was flooded, the cause was an extraordinary storm which constituted an act of God and could not have been anticipated by the persons who planned and constructed the sewer. The case was tried before Ensign, J., who denied defendant's motion for a directed verdict, and a jury which returned a verdict for $850. From an order denying defendant's motion for judgment notwithstanding the verdict or for a new trial, it appealed. Affirmed.

*John E. Samuelson, Leonard McHugh* and *M. T. O'Donnell,* for appellant.

*Courtney & Courtney,* for respondents.

TAYLOR, C.

Plaintiffs recovered a verdict for the damages to their dwelling house

[1] Reported in 163 N. W. 779.

and the personal property therein caused by water backing up from the city sewer and flooding the basement of the building.. Defendant appealed from an order denying its alternative motion for judgment notwithstanding the verdict or for a new trial.

Defendant rests its appeal upon two propositions which are stated in its brief as follows:

1. "Plaintiffs are not entitled to damages to the freehold because they did not prove any title thereto."

2. "Plaintiffs are not entitled to damages arising because of the condition of the Jones sewer because they are inadmissible under the pleadings."

1. Defendant concedes that plaintiffs are in possession of the premises, but insists that being in possession does not entitle them to recover damages for injury to the building. Defendant seeks to apply the rule which applies in cases where it appears that the possession is held by one person and the title by another. Here the oral evidence, admitted without objection, shows that plaintiffs bought the lots, built the house, moved into it and have ever since occupied it as their house. There is no evidence that any one else has or claims any interest in the property, and the case falls within the rule that actual possession of real estate is *prima facie* evidence of ownership in fee in the absence of evidence showing a superior title. Marchio v. City of Duluth, 133 Minn. 470, 158 N. W. 612; Stevens v. Sandnes, 108 Minn. 271, 121 N. W. 902, and cases cited therein. The evidence was sufficient to establish both possession and ownership, and to entitle plaintiffs to recover for the damage to the freehold.

2. In 1910, the city constructed a sewer along a portion of Twenty-eighth avenue east and thence down Sixth street east, which was designed and intended as a sanitary sewer and was large enough for that purpose, but was not large enough to carry surface water. In the same year, the city authorized one Jones, who owned a tract of land lying farther up the hill than Twenty-eighth avenue, to construct a sewer from his land and to connect it with the sewer constructed by the city. Jones excavated for the foundation of a building upon his land and constructed a sewer from this excavation to Twenty-eighth avenue and thence down Twenty-eighth avenue until it connected with the portion of the sewer

constructed by the city· After constructing his sewer, Jones abandoned his building project, and left open the upper end of the sewer in the bottom of his excavation. Some 3 or 4 years later plaintiffs built their home, and had it properly connected with the portion of the sewer constructed by the city at a point about a block below the point where Jones' sewer connected therewith. Thereafter during a heavy rain, the Jones sewer gathered and discharged more surface water into the city sewer than the latter could carry off, and in consequence thereof this surface water backed up into plaintiffs' basement and caused the damage now in question. The negligence of the city consisted in permitting the so-called Jones sewer to gather surface water and discharge it into a sewer not designed to take care of surface water, and not large enough to carry off such surface water. The Jones sewer was constructed under authority from the city, and had existed for such a length of time and under such circumstances that the city was chargeable with notice of the situation.

The city, on this appeal, does not deny negligence, but contends that proof of such negligence was not admissible under the complaint. The complaint charged "that defendant designed and constructed a sewer along, under and through Twenty-eighth avenue east * * * and thence along east Sixth street in said city of Duluth * * *; that defendant was negligent in the designing and constructing of said sewer and in maintaining the same * * * in that said sewer was too small to properly receive and conduct the amount or volume of water which defendant designed, constructed and maintained it to receive and conduct * * *; that * * * the water which defendant designed, constructed and maintained said sewer to receive and conduct, backed up and out of said sewer into the basement of plaintiffs' said residence * * * because of the fact that said sewer was too small to properly receive and conduct the amount and volume of water which defendant designed, constructed and maintained it to so receive and conduct." The answer alleged "that [defendant] employed competent engineers to plan and construct the sewer * * *, and that the [defendant] and said engineers honestly and reasonably believed said sewer would be sufficient for the uses to which it was to be put." The particular negligence which resulted in the damage to the property was not specifically pointed out in the complaint, but the general nature of the claim was indicated. The particular facts were de-

veloped early in the trial, and it is apparent that defendant was not misled to its prejudice by the variance between the pleading and the proof. "A variance is immaterial unless it actually misleads, and when immaterial may be disregarded or an amendment may be directed. G. S. 1913, § 7784." Maletta v. Oliver Iron Mining Co. 135 Minn. 175, 160 N. W. 771. We think this case falls within the rule stated and the order appealed from is affirmed.