## IN RE APPLICATION OF PETERS FOR VACATION OF PART OF THIRD AVENUE IN RAMALEY'S PARK, WHITE BEAR LAKE.[1]

May 8, 1925.

No. 24,601.

**Extraneous evidence of posting notice of application to vacate street admissible.**

In order to sustain a judgment for the vacation of a part of a street, it was permissible for the district court to receive evidence extraneous to the record that notice of the application for the judgment had been given by posting, the judgment roll containing proof of notice by publication only.

1. See Judgments, 34 Cyc. p. 358 (1926 Anno).

[1]Reported in 203 N. W. 593.

In 1915 the district court for Ramsey county granted the petition of Herman Peters to vacate part of a street. From an order, Hanft, J., denying its motion in 1924 to set aside the judgment of vacation, the town board of the town of White Bear appealed. Affirmed.

*Robert F. Wille,* for appellant.

*Charles J. Mullan,* for respondent.


STONE, J.

Appeal from an order denying the motion of the town board of White Bear Lake, Ramsey county, to set aside a judgment vacating a portion of Third avenue in Ramaley's Park which is platted and lies just outside of the city of White Bear Lake.

The judgment under attack was made and entered December 14, 1915, and recites "due notice" of the application therefor by respondent Peters. The effort to set it aside is put upon the ground that the judgment roll contains proof of service of the notice by publication but not by posting, the claim being that both publication and posting were required by the statute in force when the judgment was entered. Chapter 503, p. 635, L. 1909. The requirement of that law as to notice is this: "The petitioner shall cause two weeks' publication to be at least ten days before the term at which it shall be heard." Appellant adopts the suggestion made in Jamieson v. County of Ramsey, 114 Minn. 230, 130 N. W. 1000, and urges that the omission from the quoted provision of the requirement of "posted notice" contained in section 3369, R. L. 1905 (amended by chapter 503, p. 635, L. 1909), was inadvertent and that the amending act therefore ought to be construed as requiring both published and posted notice. A contrary view is suggested in Maletta v. Oliver Iron Mining Co. 135 Minn. 175, 160 N. W. 771. The statute has become by amendment section 8244, G. S. 1923, which requires notice of a proceeding for vacation of a street to be given both by publication and posting.

Solution of the problem of statutory construction thus presented is not necessary to decision because, upon the hearing of the motion below, proof by affidavit was permitted that notice of respondent's application for the original judgment was given by posting as well

as by publication. That proof, accepted by the learned trial judge, puts the matter at rest, because it shows that the judgment is good, even though the statute be construed as contended for by appellants.

The presumptions in favor of jurisdiction do not include one that service was made otherwise than as shown by such proof of service as is part of the judgment roll. Barber v. Morris, 37 Minn. 194, 33 N. W. 559, 5 Am. St. 836, and Brattland v. Calkins, 67 Minn. 119, 69 N. W. 699. So, if posting was necessary, it would be difficult to support this judgment by presumption alone. But it is the fact of service and not the proof of service that gives the court jurisdiction. Board of Co. Commrs. of Mille Lacs County v. Morrison, 22 Minn. 178; Burr v. Seymour, 43 Minn. 401, 45 N. W. 715, 19 Am. St. 245, and Lovin v. Hicks, 116 Minn. 179, 133 N. W. 575. That is but "familiar law." Brown v. Reinke, 159 Minn. 458, 199 N. W. 235. So, unless the filing of the proof of service in the required way is itself jurisdictional (as is true of an affidavit for publication of a summons, Barber v. Morris, supra), proof from outside the record is permissible to show that the necessary service was in fact made. Burr v. Seymour, supra; Fowler v. Cooper, 81 Minn. 19, 83 N. W. 464.

The equities of the case are not controlling but they are persuasive for respondent. The judgment for vacation was over 9 years old when finally attacked by the town board. In the meantime, relying upon it, respondent has made substantial improvements upon the real estate in question, of the benefit of which he ought not to be deprived. It is true that the rights of the public are to be protected, but there is no evidence that any great portion of the public is interested. Furthermore, even though the rights of the public are to be considered, they do not necessarily over-ride those of an individual. They cannot overcome a vested property right. If such a result were usual, it would not be very much worth while to be a member of the American public.

The point has not been presented and therefore is not decided, but this may well be a case where the district court had the power to amend the judgment roll by adding proof of posting under its statutory power, G. S. 1923, § 9203, to "supply any omission in any

proceeding, or in the record, or by amendment conform any proceeding to the statute under which it was taken," there being no bona fide purchasers of the real estate in question to be adversely affected.

The order appealed from must be affirmed.

So ordered.