No. 3.—THOMAS WYNN, plaintiff in error, *vs.* SIMPSON BOOK-ER, EFFORD BOOKER and LEROY BOOKER, executors of RICHARDSON BOOKER, deceased, defendants in error.

A declaration was filed; the Clerk failed to annex a process to it. The suit, nevertheless, went on for several years—finally, it was dismissed by the Court, on the motion of the defendant: The ground of the motion being, this want of a process. Pending the suit, the limitation—period for the suit ran out. With-in six months from the dismissal of the suit, the suit was renewed.

*Held,* That the time of the termination of the first suit, was the time when that suit was *dismissed,* and not the time when the Clerk's right to annex a pro-cess to the petition expired; and therefore, *held,* that the new suit was com-menced in season.

Action on account, in Wilkes Superior Court. Decision by Judge THOMAS, at March Term, 1857.

This was an action brought by Thomas Wynn against the executors of Richardson Booker, deceased, upon the follow-ing account, viz:

RICHARDSON BOOKER,
　　　　　　　　To THOMAS WYNN, . . . . . *Dr.*
To one forty-one (41) saw gin, with oil-boxes, sold and
　　delivered to him in September, 1847, . . . . . $87 00
To balance due for repairing two old gins for him
　　in 1847, . . . . . . . . . . . . . . . . . 6 00
　　　　　　　　　　　　　　　　　　　　　　　　　　$93 00

The defendant's relied upon the statute of limitations.

The facts as agreed upon by the counsel are as follows, viz: The account was admitted, and that an action for the same had been instituted against the testator in his lifetime, in August 1850; that said action was commenced by filing the declaration in the Clerk's office, without annexing any process or a waiver of the same, with the following entry there-on by the Clerk, "Filed 30th August, 1850, J. H. Dyson, Clerk." At March Term, 1856, said action was dismissed

for want of process, and at the May Term, 1856, of the Inferior Court, and within six months after dismissing the former suit, this action was commenced.

The presiding Judge held, that the plaintiff's demand was barred by the statute of limitations, and so charged the jury, who found for the defendants.

Whereupon, counsel for plaintiff excepted.

GARNETT ANDREWS, for plaintiff in error.

W. M. REESE, for defendant in error.

*By the Court.*—BENNING, J. delivering the opinion.

The first section of the Act of 1843, amendatory of the limitation Acts, is as follows: " That whenever any case now or hereafter pending in any of the Courts of this State, either at law or in equity, commenced within the time limited by law, shall be discontinued, dismissed, or the plaintiff therein become non-suited, and the plaintiff's claim may be barred during the pending thereof, by any law now in force in this State, the plaintiff may at any time within six months from such termination of the case, and not after, renew or recommence the same, in any Court having jurisdiction thereof in this State, any law, usage or custom, to the contrary, notwithstanding: *Provided,* That nothing in this Act shall be construed so as to authorize the renewal of any case after a second discontinuance, dismissal or non-suit." *Cobb's Dig.* 569.

In the present case, the question is, whether the time at which the suit was recommenced was within six months from the time when the first suit was *terminated.*

This question manifestly depends upon this other one—at what time did the first suit terminate?

As soon as the declaration in a case is filed, the suit is commenced. *Cobb's Dig.* 474.

The period intervening between the time of the filing of

Wynn vs. Booker et al.

the declaration, and twenty days next before the Court to which the suit is returnable, is the period within which the Clerk may annex a process to the declaration.

Suppose the Clerk fails to annex a process to the declaration within that period, does the suit, at the instant of the expiration of the period, become of itself null and void, and thus at that instant, *terminate?*

The eighth section of the Judiciary Act of 1799, does not say so. It merely says, that all "*process*" issued and returned in any other manner, than that which it prescribes, shall be void. *Pr. Dig.* 421. And it does not follow as a *general* principle, that the voidness of a process in a valid suit, necessarily renders the suit itself, void. The *general* rule in such case is, that the suit itself remains unaffected, awaiting an *amendment* of the defect, in respect to the process. This is the *general* rule. It is true, that the Courts of this State, have deduced a different rule from the said eighth section of the Judiciary Act of 1799. *Little vs. Ingram et al.* 16 *Ga. Rep.* 195.

But the rule which those Courts have deduced from that section, has not gone further than to say, that the voidness of of process is a ground for dismissing the suit, and for dismissing the suit at any stage of it. The rule has not gone so far as to say, that voidness of process, *ipso facto*, renders the *suit* void. No decision, I think, has gone the length of saying that the voidness of the original process renders the *suit* void.

If a suit is a void suit, that is to say, is no suit at all, the subpœnas in it, the interrogatories in it, the oaths in it of parties and witnesses, the costs in it, the attorneys fees in it, the interlocutory orders in it, the *ca. sas,* and the *fi. fas.*, and the writs of error in it, must be void also; all must be void. But no decision, I think, has ever gone the length, of saying, that the voidness of the original process, *ipso facto*, made all these void.

The decisions of this Court have gone no further than to say, that the defect with respect to process is an incurable one, and therefore, one for which *a Court* is bound to dismiss the suit. The decisions of the Court have not said, that this defect, *per se*, made the suit *stand* dismissed. *Little vs Ingram et al. Supra. Beall vs. Blake,* 13 *Ga. R.* 218; 17 *Ga. R.*

And, I must say˴for myself, that I doubt extremely, whether the Court in going as far as it has gone, has not gone, by much, too far. The very section of the Judiciary Act next to this eighth section, has in it, these words: "And no petition, answer, return, process, judgment, or other proceeding, in any civil cause, shall be abated, arrested, quashed or reversed, for any defect in matter of form, or for any clerical mistake, or omission, not affecting the real merits of the cause; but the Court, on motion, shall cause the same to be amended, without any additional cost at the first Term, and shall proceed to give judgment according to the right of the cause, and matter of law, as it shall appear to the said Court, without regard to such imperfections in matter of form, clerical mistake, or omission."

Now, what is the failure to annex a process to a declaration, but a "clerical" "omission not affecting the real merits of the case?"

By the common law, process had to be issued, and served, before the declaration could be filed. The declaration was not served by the Sheriff at all.

By the said eighth section of the Judiciary Act of 1799, things have been reversed: the declaration has to be first filed, then the Clerk has to "annex" a process to it, and then the Sheriff has to serve both declaration and process on the defendant at the same time, and then he has to return them thus served to Court.

The section closes itself in these words: "And all process issued and returned in any other manner than that hereto-

fore directed, shall be, and the same is hereby declared to be, null and void."

Now if process should be issued and returned in the *old* manner—that is *by itself*, and *before* the filing and service of the declaration, it would be issued and returned in a manner different from that prescribed by the section, for it would be *issued* without being *annexed* to the petition; would be *served* without the *accompanyiag service* of the petition; and would be *returned* without the *accompanying return* of the petition.

And did these closing words of the section, mean to say anything more, than that, if process should be issued and returned in *this* manner, such process should be null and void? I doubt it extremely.

Does not the above quoted part of the ninth section give me warrant for my doubt? I think it does.

And then, is not the Act of 1818, to amend this very Judiciary Act, sufficient to carry this doubt almost, if not quite, into a certainty? I think so. The preamble and the first section of the Act of 1818, are as follows:

" *Whereas*, the said Judiciary was intended for the purpose of bringing parties litigant to a speedy judicial decision, without delay, and with as little costs as practicable, and it was thereby intended, that the small omissions of parties, Clerks or Sheriffs, not affecting the real merits of the cause should in all cases (substantially set out,) be amended on motion, without delay or costs, and it having grown into practice in said Courts, to give or grant a term, and sometimes non-suit, for the smallest omissions of the officers of the said Courts, and as a further increase of the said practice, may lead us back to all that tedious and expensive labarynth of special pleadings, which the said Judiciary intended to avoid:

" Sec. 1. *Be it enacted*, &c. That in every case where there is a good and legal cause of action, plainly and distinctly set forth in the petition, and there is in substance a copy served on the defendant or defendants, or left at their

most notorious place of abode; every other objection shall be on motion amended without delay or additional costs." *Pr. Dig.* 442.

If there is a good cause of action set out in the petition, and a copy, in substance, of the *petition,* (not petition and process,) served on the defendant, *every other* objection shall be amended without delay, or costs.    This is the statute.

And must not all objections, that are objections concerning process, be objections, " other," than those that are objections concerning the sufficiency of the cause of action stated in the petition, or objection concerning the sufficiency of the service of the petition.    Surely it does seem so.    But if so, then the statute says that such objections are instantly amendable.

I cannot help deeply doubting the correctness of the decisions to which I have referred, participating though I did in some of them.

However, none of those decisions is that the nullity of the process, *ipso facto,* renders the suit itself a mere nullity.    On the contrary, they are all decisions in which it was held, that the nullity of the process is a cause to authorize a Court to dismiss the suit.    And this would seem to imply, that such nullity of process, is not a cause, which of *itself,* renders the suit void; for if it were such cause, then a judgment of a Court declaring the suit void, would be superfluous.    The Court is not disposed to go further than any decision has yet gone.

Consequently, we think that the suit in the present case, did *not* come to a termination the moment the time expired, within which the Clerk might have annexed a process to the petition.    We think that the suit did not come to a termination, until the Court, on the motion of the defendant in the suit, dismissed it.

This suit was commenced within six months from the time when that was dismissed.    We think therefore, that it was commenced in season; consequently we reverse the judgment of the Court below.

Judgment reversed.