### WILLIAMS *v.* O'NEAL *et al.*

1. Where an application by an administrator to the court of ordinary, for leave to sell property of his decedent, represented that the purpose of the intended sale was to pay debts of the estate, and an apparently valid judgment was rendered granting the application, the judgment containing no recitals as to the grounds on which the application was based, it was not a ground to set that judgment aside as void that in fact the estate in question owed no debts.

2. An administrator may, for the purpose of paying debts of the estate of his decedent, sell, under the direction of a court of ordinary, the " reversionary

interest" in land of the estate in which a homestead has been set apart, under the constitution of 1868, to the decedent's widow.

Argued November 25, — Decided December 10, 1903.

Petition to set aside judgment. Before Judge Holden. Greene superior court. February 11, 1903.

*S. H. Sibley,* for plaintiff.    *J. B. Park,* for defendants.

CANDLER, J. This case comes up on exception to the sustaining of a demurrer to the plaintiff's petition. The action was brought in the court of ordinary of Greene county, from which tribunal it was appealed to the superior court. From the petition it appears that the plaintiff, Josie Williams, was the daughter and heir at law of Maner Williams, who died in 1880, intestate. At the time of her mother's death the plaintiff was an infant, "and is but recently become of age." Maner Williams was the sole devisee under the will of a former husband, Jesse Champion; and after his death a homestead in his property was awarded to her, the homestead being granted on August 4, 1877. Subsequently the administrator of Champion applied to the court of ordinary for leave to sell the remainder interest in the land covered by the homestead, and on April 1, 1879, the application was granted in an order of which the following is a copy: "The foregoing petition of James M. Williams, administrator de bonis non, etc., of Jesse W. Champion, deceased, asking for an order to sell the fee in remainder in the estate of Jesse W. Champion, set apart to the widow and minor child of said deceased as a homestead, being considered by the court, and due and legal notice of his intended application having been given through the Greensboro Herald: Ordered that said administrator have leave to sell said land, after due and legal notice of the time and place and terms of the sale of the same." It was alleged that this order was wholly void, because (1) the estate of Jesse W. Champion owed no debts to which the homestead was subject; (2) no evidence of any such debts was produced to the ordinary, but he acted, as appears from his order, solely on the failure of any one to object; (3) neither the ordinary nor any other officer had jurisdiction to order the homestead sold, except as provided in the constitution; and (4) the sale of the remainder interest in a homestead is illegal for any purpose; and the ordinary had no jurisdiction to order the same, the constitution

protecting the land as a physical whole from sale. The petition prayed that "the said order be set aside and declared to be null and void on the face of the record." The demurrer, which, as before stated, was sustained, was on the grounds, (1) that the petition set forth no legal reason why the judgment of the ordinary should be set aside, and (2) that no fraud, collusion, or any other illegal acts were charged as a ground for the relief sought.

1. The grounds of attack made by the plaintiff in the court below on the judgment sought to be set aside may be summarized thus: first, that the judgment is void because the allegations of fact upon which it is based are untrue; and second, that under no circumstances did the ordinary have power to grant the administrator leave to sell the reversionary interest in the homestead. Taking up these contentions in their order, we do not hesitate to rule that the first is without merit. A motion to set aside a judgment must be predicated upon some defect apparent upon the face of the record. See *Regopoulas* v. *State*, 116 *Ga.* 596, where, in an able opinion of Mr. Justice Cobb, this subject was exhaustively treated and the authorities bearing thereon collected and discussed. See also *Tietjen* v. *Merchants Bank*, 117 *Ga.* 501. The claim that the ordinary in this case "acted, as appears from his order, solely on the failure of any one to object," is not borne out by the record. The order in question is silent as to the considerations inducing its rendition, save for the recital that it grew out of a petition filed by Williams as administrator of Champion, and that due and legal notice had been given in the public print of the petitioner's intention to make the application. It was not necessary to the validity of the judgment that it should set out the proceedings upon which it was founded; for "the court of ordinary is a court of general jurisdiction as to matters of administration, and therefore it is presumed in favor of one of its judgments that every fact necessary to make it valid and binding upon the parties thereto and their privies was before the court." *Stuckey* v. *Watkins*, 112 *Ga.* 268; *Phillips* v. *James*, 115 *Ga.* 425. The plaintiff herself shows by her petition the ground upon which the application for leave to sell was based; and if the reversionary interest in the homestead property could be sold at all, that ground was valid. The evidence introduced at the hearing not being a part of the record, the allegation that it was insufficient to sup-

port the judgment will not be considered as a ground for setting that judgment aside.

2. We come now to consider the contention of counsel for the plaintiff, that the ordinary was without jurisdiction to render the judgment attacked by the petition, "the constitution protecting the land as a physical whole from sale." It is urged that the constitution of 1868, under which this homestead was granted, contemplated that not only the homestead estate, but all interest whatever in the land·in which the homestead was granted, should be inviolably protected from sale by any order of any court during the existence of the homestead. In support of this position numerous cases are cited which hold that the remainder interest in land which has been set apart as a homestead can not be subjected to levy and sale under an execution; and it is sought to analogize an administrator's sale to an execution sale, and to apply the reasoning of the cases cited to the case at bar. We do not think this position is tenable. In *Huntress* v. *Anderson*, 110 *Ga.* 427, this court held that a deed executed by the head of a family, purporting to convey land which had been set apart as a homestead under the constitution of 1868, while inoperative and ineffectual as to the homestead estate in existence when it was made, did pass to the grantee the "reversionary interest" of the grantor in the land described. See also *Walker* v. *Hodges*, 113 *Ga.* 1042. It would certainly seem that if the right of voluntary alienation of this "reversionary interest" in the homestead exists in the head of the family, by parity of reasoning it exists in his administrator after his death for the purposes of distribution and payment of debts. We do not think that a parallel can properly be drawn in cases of this kind and cases where an attempt is made to sell the reversionary interest in homestead property by a sheriff or other levying officer under an execution against the property, or that the reasons why such interest is not permitted to be sold under an execution are applicable to sales by an administrator. A sale under an execution is always a forced sale, and is likely to result in the sacrifice of the property sold, and it is to protect the beneficiaries of the homestead from the possibility of such a result, as well as from the annoyance and embarrassment attendant upon the service of writs and executions against the property in which the homestead was taken, that the law provides that it shall not

be subject to the process of any court.      An administrator's sale, however, is on an entirely different footing.      It is in the nature of a voluntary action, by the one whom the law recognizes as standing, for the purposes of the estate, in the shoes of the intestate, to do that which the deceased would, in legal presumption, do himself were he in life.      Unlike an execution sale, an administrator's sale is not a move directed against the interests of the beneficiaries of the homestead.      On the contrary, the administrator is charged by law with the duty of doing all in his power to subserve the best interests of the estate (Civil Code, § 3447), and he may withdraw property from sale when he sees that it is about to bring an inadequate price.      *Bean* v. *Kirkpatrick*, 105 *Ga.* 476.      The remainder interest in land after the expiration of a homestead is an asset in the hands of the administrator of the owner of the land, and, like other assets, may be disposed of by him, under the direction of the court of ordinary, for the purpose of distribution and payment of debts.      We conclude that the demurrer filed to the petition in the court below was properly sustained.

*Judgment affirmed.      All the Justices concur.*