## PENNSYLVANIA CASUALTY COMPANY *v.* THOMPSON.

1. In the absence of a legal return of service, the court is without jurisdiction to render a judgment by default.
2. Where an entry of service which failed to show that the defendant had been served was cured by amendment at the trial term, it was error to refuse to allow the defendant to demur and plead instanter to the suit.

Argued May 18, — Decided January 14, 1905.

Action on insurance policy. Before Judge Reagan. Henry superior court. December 19, 1904.

*Gleaton & Gleaton*, for plaintiff in error.
*Brown & Brown*, contra.

FISH, P. J. Suit was brought by B. F. Thompson against the Pennsylvania Casualty Company, of Scranton, Pa., returnable to the April term, 1904, of Henry superior court. The sheriff made the following return of service: "I have this day served E. T. Moore, agent, personally, with a copy of the within bill and process. This April 1, 1904." Judgment by default was rendered at the appearance term. At the trial term the defendant appeared and moved to dismiss the case for want of service, which motion was overruled. On motion of the plaintiff the sheriff was then allowed to amend his entry of service as follows: "By permission of the court I hereby amend my entry of service, by saying that I served the defendant company, the Pennsylvania Casualty Company, of Scranton, Pa., by personally serving E. T. Moore, their agent, with a copy of the within writ and process. This April 1, 1904." As a matter of fact, this amendment was allowed October 17, 1904. The defendant then moved to open the default, offering to pay the accrued costs, and asked leave to demur and answer instanter. This motion and request the court refused. The defendant excepted pendente lite to each of

the several rulings mentioned. The trial resulted in a verdict for the plaintiff. The defendant's motion for a new trial having been overruled, it excepted, assigning error upon the refusal of a new trial and upon its exceptions pendente lite.

According to the original entry of service, only E. T. Moore as an individual had been served (*Burnett* v. *Central R. Co.,* 117 *Ga.* 521), and the judgment by default was void, as the court had no jurisdiction to render it, the defendant company not having been served. *News Printing Co.* v. *Brunswick Publishing Co.,* 113 *Ga.* 160. It follows that the motion by the defendant company to dismiss the case should have been sustained (*Stewart Lumber Co.* v. *Perry,* 117 *Ga.* 888), if the return of the sheriff had not been amended. The return, however, was amendable so as to include all the facts of a good service, if such facts existed; such as that Moore was the agent of the defendant company, and that the company had been served by personally serving him as its agent. *Western & Atlantic R. Co.* v. *Pitts,* 79 *Ga.* 532. It is true that the amendment of the return related back to the making of the original return of service, but its effect was not to render valid a judgment by default which, as we have seen, was void for want of jurisdiction in the court to render it. The company was first properly in court when the amendment of the original entry of service was made by showing service upon it, and it then had the right to demur and plead instanter to the suit. There was no question as to the form or matter of the demurrer or answer. In *Gordon* v. *Hudson,* 120 *Ga.* 698, it was held: "Where a plea and a demurrer have been filed after the expiration of the time allowed by law, but the case has never been marked 'in default,' it is error, on the call of the case for a hearing, to dismiss the plea and the demurrer because not filed in time." In that case there had been no entry of default. In the case in hand there had been such an entry, but it was void; so the ruling in the case cited is directly in point. The question here decided was not involved in *Southern Bell Tel. Co.* v. *Parker,* 119 *Ga.* 721, relied on by counsel for the defendant in error. In that case the court expressly declined to pass on the question, for the reason, as stated, that it did not appear to have been raised in the trial court, and there was no assignment of error bringing it in review.

As the court erred in refusing to allow the defendant to demur and plead, it is unnecessary to pass upon the assignments of error made in the motion for a new trial.

*Judgment reversed. All the Justices concur, except Simmons, C. J., absent.*