LOVE et al. v. NATIONAL LIBERTY INSURANCE CO.

1. A return of service on a petition, made in the language following, is not void, to wit: "I have this day served the within writ of injunction upon the within-named defendant, National Liberty Ins. Co., by handing a copy of the same to Otto S. Seiler, Agt. in charge of said company, in person, at 1:10 p. m. The return of J. L. Wilder, D. S., C. C. Ga." Even if defective, it is amendable, and the defect is cured by judgment. It was error to arrest a judgment where there was such return of service on the petition.
2. The objection to a petition on the ground of misjoinder of parties is a matter to be taken advantage of by special demurrer at the appearance term, and affords no ground to arrest the judgment.
3. Where a judgment has been rendered for an amount including attorney's fees, as well as the principal sum found to be due, the fact that attorney's fees are not recoverable in the action is not cause for setting aside the whole judgment, but only for striking that part of the judgment for the recovery of such attorney's fees, and this portion can be stricken only where the amount thereof is separable from the

balance of the judgment. *Jones* v. *Findley,* 84 *Ga.* 52 (10 S. E. 541); *Ivey* v. *Payne,* 136 *Ga.* 519 (1 *b*) (71 S. E. 886).

4. The court did not err in arresting the judgment in so far as it provided for the recovery of attorneys' fees under the Civil Code (1910), § 2549.

5. The jury returned a verdict finding for the plaintiff "interest from October 30, 1920, at the rate of seven per cent per annum." The petition alleges that the fire occurred on October 30, 1920, and "that upon the destruction of his automobile by fire" petitioner furnished proofs of said loss, gave proper notice, and fully complied with all requirements of the company as to filing notice, etc., on the same day, as we construe the petition. The policy of insurance provides that the sum for which the company is liable shall be payable sixty days after the notice and satisfactory proof of loss. Direction is given that the judgment be so amended that the interest shall be computed as beginning sixty days after October 30, 1920.

6. There was no merit in the grounds of the motion to set aside the judgment alleging that the petition was not sufficient to set out a cause of action, or that no facts were alleged in the petition giving the court equitable jurisdiction to enjoin the suit in the city court.

No. 3557. JANUARY 17, 1924.

Equitable petition. Before Judge Meldrim. Chatham superior court. November 17, 1922.

*Charles E. Donnelly, John Z. Ryan,* and *Oliver & Oliver,* for plaintiffs.

*Smith, Hammond & Smith* and *Lawton & Cunningham,* for defendant.

GILBERT, J. 1. The controlling question in this case is whether the return of service on the defendant by the sheriff, as to the petition and process, shows a void or only defective service. The defendant insists that the "return" of the sheriff was void, or, in other words, that it does not show any return of the petition and process; and that in such a case it does not matter whether the defendant was actually served in a legal manner or not. Defendant further insists that a legal return of service is required, to give the court jurisdiction; and that legal service means serving the defendant with a copy of the petition and a copy of the process attached to the petition. The return of service in this case was as follows: "State of Georgia, Chatham County. Sheriff's Office, June 7/21. I have this day served the within writ of injunction upon the within-named defendant, National Liberty Ins. Co., by handing a copy of the same to Otto S. Seiler, Agt. in charge of said company, in person, at 1:10 p. m. The return of

·'J. L. Wilder, D. S. C. C., Ga." If this return of service shows fatally defective service, or an entire absence of a return of service, the court would have no authority to enter a judgment against the defendant. This leads us to a critical examination of the return. The criticism is that the return does not show that the company was served with copy of the petition and process; and that is the only. defect pointed out. The return of the sheriff names the company as the defendant served by him, and furthermore shows that the service was made by handing a copy of the "writ of injunction" to a named agent of the company. What, therefore, is meant by the phrase "writ of injunction," used by the deputy sheriff? In Carey v. German American Insurance Co., 84 Wis. 80 (54 N. W. 18, 36 Am. St. R. 907, 20 L. R. A. 267), a suit on a policy of insurance, the meaning of the word "writ" was brought in question. There it was said: "All writs are called 'process' in the statutes. A writ is process, and process is a writ, interchangeably." 12 R.. C. L. 1261, § 2; 32 Cyc. 419, note 1.

It may be argued that thus defined the words in the sheriff's return, "writ of injunction," could mean no more than "process of injunction." We will thus apply the term. In response to the prayer of the petition of the insurance company the court, in the present case, arrested the former judgment, citing as authority the case of *Pennsylvania Casualty Co.* v. *Thompson, 123 Ga.* 240 (51 S. E. 314). The return of service in that case was as follows: "I have this day served E. T. Moore, agent, personally, with a copy of the within bill and process." It will be observed that the return of service does not indicate the name of the principal. The suit was against the Pennsylvania Casualty Company, but the name of the defendant did not appear in the return of service. The court held: "According to the original entry of service, only E. T. Moore as an individual has been served; and the judgment by default was void, as the court had no jurisdiction to render it, the defendant company not having been served. It follows that the motion by the defendant company to dismiss the case should have been sustained, if the return of the sheriff had not been amended. *The return, however, was amended so as to include all the facts of a good service, if such facts existed;* such as that Moore was the agent of the defendant company, and

that the company had been served by personally serving him as its agent." Although the court, in that case, said the "*judgment by default*" was void, as the court had no jurisdiction to render it, it was further said that the return was amendable. Nothing further appearing, the two statements seem to be inconsistent. If the return was amendable, the service was not void, and the court was not without jurisdiction. In order to clear up this seeming inconsistency, reference has been had to the original record. It appears there that the expression "judgment by default," as used in the opinion, is misleading. The facts, according to the record, show that at the appearance term the case was "marked in default," and when the court stated that "judgment by default was rendered at the appearance term" the court should have said that the case was marked "in default." Civil Code (1910), § 5653. The marking of the case in default is a judgment, but not a "judgment by default." At most it can only be a judgment to the effect that the case is "in default," and in no sense is it a rendition of a final judgment against the defendant in response to the prayers of the petition. The record not only shows that no final judgment for the plaintiff was rendered at the appearance term (it could not have been done), but it recites that at the trial term the defendant "moved to open the default," which is conclusive evidence that the court at the appearance term merely marked the case "in default" and did not render a final judgment against the defendant. The defendant excepted to the refusal of the court to "open the default," and the judgment was reversed by this court on that assignment of error alone. Subsequently to the ruling of the trial court refusing to open the default the sheriff was allowed to amend his entry of service so as to make it complete in every respect; and thereafter, during the progress of the case, the return of service, as amended, was no longer questioned. The question of an arrest of judgment was not involved in the *Pennsylvania Casualty Co.* case.

In *Artope* v. *Barker, 74 Ga.* 462, it was said: "A motion to set aside a judgment, like a motion in arrest, must be grounded on defects apparent on the face of the record, which are not amendable. It differs from a motion in arrest of judgment only in that the latter must be made during the term when the judgment was rendered, while a motion to set aside a judgment can be

made at any time within the period of the statute of limitations."
*Regopoulos* v. *State,* 116 *Ga.* 596 (42 S. E. 1014) ; *Ford* v. *Clark,*
129 *Ga.* 292, 293 (58 S. E. 818). Both must be predicated upon
some defect apparent upon the face of the record. Civil Code
(1910), § 5958; *Williams* v. *O'Neal,* 119 *Ga.* 175, 177 (45 S. E.
978) ; *Sweat* v. *Latimer,* 119 *Ga.* 615 (46 S. E. 835). It follows
that the question of sufficiency of service is the same, whether it
is attacked by motion to arrest or motion to set aside. The early
rulings of this court on the subject of process were very " 'strict,'
. . looking back upon them some of the judges doubted whether
they were not overstrict." Note to *Hartridge* v. *McDaniel,* 20
*Ga.,* bottom of page 399; *Wynn* v. *Booker,* 22 *Ga.* 359. The stat-
utes now provide great liberality in the matter of amendments as to
pleadings, process, and other proceedings. Civil Code (1910),
§§ 5681 et seq. The statutes embodied in these sections of the
code, to a very great extent, are derived from the acts of 1818
(Cobb's Dig. 487; Prince's Dig. 442; *Wynn* v. *Booker,* 22 *Ga.*
363), which amended and explained the existing judiciary act.
The preamble to that act is as follows: "Whereas the said judiciary
was intended for the purpose of bringing parties litigant to a
speedy judicial decision, without delay, and with as little costs
as practicable, and it was thereby intended that the small omis-
sions of the parties, clerks or sheriffs, not affecting the real merits
of the cause, should in all cases (substantially set out) be amended
on motion, without delay or costs, and it having grown into prac-
tice in said courts to give or grant a term, and sometimes nonsuit,
for the smallest omissions of the officers of the said courts, and as
further increase of the said practice may lead us back to all that
tedious and expensive labyrinth of special pleadings which the said
judiciary intended to avoid." The first section of the act declared:
"That in every case where there is a good and legal cause of action,
plainly and distinctly set forth in the petition, and there is in sub-
stance a copy served on the defendant or defendants, or left at their
most notorious place of abode, every other objection shall be, on
motion, amended without delay or additional costs." "When a
judgment has been rendered, either party may move in arrest there-
of or to set it aside for any defect not amendable which appears on
the face of the record or pleadings." Civil Code (1910), § 5957.
If the defect is such that no legal judgment can be rendered, the

judgment will be arrested or set aside. § 5959. "A judgment cannot be arrested or set aside for any defect in the pleadings or record that is aided by verdict or amendable as matter of form." § 5960; *Winn* v. *Butts,* 127 *Ga.* 385 (2) (56 S. E. 406); *McDonald* v. *Kimball,* 144 *Ga.* 105 (2) (86 S. E. 234). It should be borne in mind that the court held the return of service in the *Pennsylvania Casualty Co.* case, supra, to be amendable; and therefore it follows that the service in that case was merely irregular, and was not so defective that a legal 'judgment could not be rendered. In that case the name of the defendant did not appear; the return was amended before verdict.

In *Jones* v. *Bibb Brick Co.,* 120 *Ga.* 321 (48 S. E. 25), there was a motion to set aside a judgment, on the ground of a defective return of service. There was a garnishment affidavit and bond, based on a suit brought in the city court of Macon. The following entry appears thereon: "Georgia, Bibb County. I have this day served summons of garnishment issued on the above and preceding affidavit and bond . . on Bibb Brick Co., by handing the same to John T. Moore, its secretary and treasurer," giving the date of service. A verdict was rendered in favor of the plaintiff, and judgment was entered thereon. Afterwards the city court rendered a judgment against the garnishee. A petition to open and set aside the judgment against the garnishee was filed, alleging, among other things, that the summons was not served upon the proper officer of the corporation, and that the name of the garnishee was not correctly stated. The court sustained the petition and ordered the judgment against the garnishee set aside. Writ of error was sued out, assigning error on the latter judgment. Mr. Justice Lamar said: "Process and service are essential. But the return, being only evidence of what the officer has done in serving the writ, is not jurisdictional. Still it is manifest that a court ought not to proceed without having a legal return of record to show that its process had been actually served and that it had acquired jurisdiction over the person of the defendant. If there is an entire absence of a return, or if the return made is void because showing service upon the wrong person, or at a time, place, or in a manner not provided by law, the court cannot proceed. . . If, however, the fact of service appears, and the officer's return is irregular or incomplete, it should not be treated

as no evidence, but rather as furnishing defective proof of the fact of service. The irregularity may be cured by an amendment which does not make or state a new fact, but merely supplies an omission in the statement as to an existing fact. Where there has been valid service and no return, the deficiency may be supplied before taking further steps in the cause. If there has been service and a voidable or defective return, it may be amended even after judgment, so as to save that which has been done under service valid in fact but incompletely reported to the court. For in its last analysis it is the fact of the service, rather than the proof thereon by the return, which is of vital importance. Ordinarily service is either good or bad. But process and return existing in writing may vary between void, voidable, and perfect. If either is void, the judgment predicated solely thereon is a nullity. Where process and return are not void, some classes of defects therein are cured by judgment. For many things are sufficient to prevent a judgment from being rendered which would be insufficient to set aside a judgment actually rendered. Hence the Civil Code, § 5365 [1910, § 5960], declares that 'a judgment cannot be arrested or set aside for any defect in the pleadings or *record* that is aided by verdict or amendable as matter of form.' This right to amend a 'return' so as to make it conform to the facts is allowed on general principles and by our statute." This admirable opinion summed up the matter as follows: "Under the authorities, therefore, it is evident that the defective return might have been amended to conform to the facts, and that such amendment when made would have related back so as to make the record complete and the judgment perfect. But it may be claimed-that here the defect was never cured, since no amendment was ever made. None was necessary. Whatever may be the rule in ordinary cases, both the allegations and the silence of this motion make it certain that the garnishee had been duly served. The presumption in favor of the validity of judgments and all the analogies of the law tend to sustain the proposition that a judgment once rendered can only be successfully attacked by proof that it is void. This proof sometimes appears from facts on the face of the record, or from the failure of certain other facts to appear in the record."

The case of *Phillips* v. *Bond*, 132 *Ga.* 413 (64 S. E. 456), was

a suit in the superior court against a corporation. Process was issued, and the sheriff made the following return: "I have this day served the defendant's agt. [naming him] with a copy of the within writ, by handing copy to said agt." It was held that this entry of service was not void, and the record of the suit with the judgment thereon was not inadmissible as evidence on that ground. Here it should be noted that the return stated that the defendant was served with a copy of "the within writ"; it did not state what kind of writ, nor did it state the name of the defendant corporation. The objection was that the return did not recite that the sheriff had served the defendant corporation but only had served its agent. The record of the case, together with the judgment, was offered in evidence upon the trial of another case, and objected to on the ground that the return of service was not sufficient to show a legal service upon the defendant. The objection was sustained. This court said, in ruling upon the assignment of error based on the rejection of the evidence, as follows: "Here was a petition against a corporation, with a process annexed thereto, summoning the corporation to appear at the proper term of court; and the sheriff's entry showed that he had served the defendant's agent with 'the within writ' by handing a copy to such agent. The corporation was sued, summoned, and a copy of the writ (presumably including the copy of the petition, as that was required to have the process annexed to it and be thus served) was delivered to the person to whom the law required that it should be delivered in order that service might be 'perfected.' Why did this not perfect the service? . . It is true the precise contention now made has not been discussed, but entries of service quite similar to, certainly no more formal than, that which was made in the present case have been treated as sufficient." The outside authorities seem to accord with *Jones* v. *Bibb Brick Co.,* supra. 21 R. C. L. 1315, § 52, states the rule as follows: "To authorize a judgment against a person who has not appeared and answered or otherwise submitted himself to the jurisdiction of the court, there must be not only service on such person, but also a legal return of such service. . . It is not the return, however, but the service of the writ, that gives jurisdiction. The return is merely evidence by which the court is informed that the defendant has been served." Call *v.* Rocky Mt. Bell Tel. Co., 16 Idaho, 551 (102 Pac. 146, 133 Am.

St. R. 135) ; Kahn v. Mercantile Town Mut. Ins. Co., 228 Mo. 585 (128 S. W. 995, 137 Am. St. R. 665) ; Mill Creek First Nat. Bank v. Ellis, 27 Okla. 699 (114 Pac. 620, Ann. Cas. 1912C, 687) ; Cunningham v. Spokane Hydraulic Min. Co., 20 Wash. 450 (55 Pac. 756, 72 Am. St. R. 113) ; Burr v. Seymour, 43 Minn. 401 (45 N. W. 715, 19 Am. St. R. 245) ; Wade v. Wade, 92 Ore. 642 (176 Pac. 192, 178 Pac. 799, 182 Pac. 136, 7 A. L. R. 1143) ; Hatch v. Alamance, 183 N. C. 617 (112 S. E. 529).

In 21 R. C. L. 1331, § 79, it is said: "Since . . the question of jurisdiction is dependent on the fact of service and not on the proof thereof, a return failing to show the necessary jurisdictional facts, although such facts really existed, may be amended so as to conform to the truth, not for the purpose of validating a void judgment, but to show that the judgment was never void." Allison v. Thomas, 72 Cal. 562 (14 Pac. 309, 1 Am. St. R. 829) ; Shenandoah R. Co. v. Ashby, 86 Va. 232 (9 S. E. 1003, 19 Am. St. R. 891) ; Burr v. Seymour, supra; Estate of Newman, 75 Cal. 213 (16 Pac. 887, 7 Am. St. R. 146) ; Frisk v. Reigleman, 75 Wis. 499 (43 N. W. 1117, 44 N. W. 766, 17 Am. St. R. 198). If there is no proof of service, the judgment is void. Reinhart v. Lugo, 86 Cal. 395 (24 Pac. 1089, 21 Am. St. R. 52). Counsel for defendant in error cite the following to sustain their contentions: Callaway v. Douglasville College, 99 Ga. 623 (25 S. E. 850) ; News Printing Co. v. Brunswick Publishing Co., 113 Ga. 160 (38 S. E. 333) ; Wood v. Callaway, 119 Ga. 801 (47 S. E. 178) ; Albright-Pryor Co. v. Pacific Selling Co., 126 Ga. 498 (55 S. E. 251, 115 Am. St. R. 108). The first three cases antedate Jones v. Bibb Brick Co., while the last was decided subsequently. Callaway v. Douglasville College was not a case to set aside a judgment. In Jones v. Bibb Brick Co., it was said: "In Callaway v. Douglasville College, 99 Ga. 623, the return was attacked and amended before verdict." And further said: "They [seemingly conflicting cases] can all be reconciled by noting whether in the particular case the process was valid or void, whether the return was void or only defective, whether the issue was raised before or after judgment, and whether on the hearing the evidence or pleadings showed that the service was good or bad." News Printing Co. v. Brunswick Publishing Co. involved a motion to set aside a judgment in a garnishment case. The ground

of the motion to set aside the judgment was that there was no legal return of service. The garnishment proceeding was against the "News Printing Company." The return of the officer was to the effect that service had been made on "The News Publishing Company." This court held, in the headnote: "In the absence of a legal return of service the court has no authority to enter a judgment by default." In the opinion it was said: "Where there is upon the face of the record evidence showing prima facie that the defendant has been served, as there was in the case of *Freeman* v. *Carhart* [17 *Ga.* 349], the return of service may be amended so as to show the authority of the person acknowledging service to sign the acknowledgment, as was done in that case. But where there was, as in the present case, nothing whatever upon the face of the record showing that the person against whom the judgment was entered had in any way been served with process, the court, according to the ruling in the *Callaway* case [99 *Ga.* 623], was without jurisdiction to enter the judgment, the same was void, and an amendment showing that the defendant was actually served would not have the effect of saving the judgment." *Wood* v. *Callaway* was a case certioraried from a justice's court to the superior court, and the decision depended on the sufficiency of the return of service. The officer made a return to the effect that he had served the defendant personally, but the other facts recited in the return showed conclusively that he had not served the defendant personally. Accordingly the court held: "Inasmuch as the evidence showed that there had been no personal service on the defendant, the jury properly sustained the traverse, and the judge of the superior court properly overruled the certiorari. It is wholly immaterial that there may have been a good service upon the defendant by leaving a copy of the summons at his residence. In order for the court to obtain jurisdiction of a defendant, he must not only have been served in the manner pointed out by law, but there must be a legal return of service." *Albright-Pryor Co.* v. *Pacific Selling Co.* merely followed the ruling in the other three cases, citing *Wood* v. *Callaway*.

It will be observed that in all of these cases the court construed the return to show that the service was void, because not served on the right defendant, or because the service was not made in the manner stated in the return. In the case now before us the

corporation was sued. The petition contained allegations and appropriate prayers for a judgment against the defendant insurance company for the amount of loss sustained; for an injunction against further proceedings on the policy of insurance in a suit pending in the city court, and against the settlement of the claim against the insurance company, and an injunction against all of the defendants; and for process. In the record, bearing even date with and immediately following the rule nisi, is a process in the usual form, directed to all of the defendants, including the National Liberty Insurance Company. The motion of the insurance company to set aside the judgment obtained against it alleges as follows: "The record in this case consists of a petition brought by J. W. Love against Koerper Motor Company of Savannah, Peoples Bank of Savannah, and the National Liberty Insurance Company of America. Attached to the petition is a process directed to the sheriff of Chatham County, directing said defendants to be and appear at the next superior court of Chatham County, to wit, on the last Monday, that is the 31st day of October, 1921. Also attached to said petition is a rule nisi, including a temporary restraining order, signed by P. W. Meldrim, Judge E. J. C. of Georgia, all of which appears of record and need not here be copied." The sheriff in his return elected to use the phrase "writ of injunction" in making his return of service. We have shown above that the word "writ" is interchangeable in meaning with the word "process." Therefore, when the return showed that the copy of the "writ of injunction" had been served on the defendant, it amounted in law to a recital that a copy of the "process of injunction" had been served on the defendant. Surely this would be equivalent to saying that copy of the petition for injunction and process had been served. Civil Code § 5545 is in part as follows: "*Sanction of judge to extra writs.* If an extraordinary process or remedy is prayed, the sanction of the judge of the court, or of some judge of the superior courts of this State, must be first obtained before such process is issued or such remedy granted." Section 5546 is as follows: "*Service of such writs.* When such extraordinary process is granted, the clerk shall annex the same, together with the process, to the original petition, and also a copy thereof to the copy petition. Such petition and process can be served only by a sheriff or his deputy, or a coroner, and

must be personal." The petition was sanctioned and ordered filed. Section 5552 of the Civil Code declares: "To every petition the clerk shall annex a process (unless the same be waived), signed by the clerk or his deputy, and bearing test in the name of a judge of the court, and directed to the sheriff or his deputy, requiring the appearance of the defendant at the return term of the court." Thus the law requires the process to accompany every petition delivered by the clerk of court to the sheriff or his lawful deputies for service. When the writ of injunction was served on the defendant company, the law required the process to be attached to the petition—the complete petition—which in this case prayed for affirmative relief as well as an injunction. Affirmative relief as well as injunction may be had in the same proceeding. *Collinsville Granite Co.* v. *Phillips,* 123 *Ga.* 830 (51 S. E. 666) ; *Davison* v. *Reynolds,* 150 *Ga.* 182 (103 S. E. 248). The insurance company needed only to read the petition served, to ascertain all notice of the pending suit. Failure to do so simply incurs the penalty of neglect or carelessness. The return of service was merely irregular, and did not show an entire absence of return. If merely an irregularity, and amendable, the defect was cured by judgment. In that event no amendment was necessary. Process may be waived altogether. Civil Code (1910), § 5561. It is the duty of the clerk to annex the process to the petition, and to deliver copies of both to the sheriff or his deputy. Civil Code (1910), §§ 5552, 5563. That was done in the present case. The motion in arrest is narrow and restricted in its province. *Johnson* v. *State,* 154 *Ga.* 806 (115 S. E. 642). The judgment founded upon the return, as made, was valid and legal, and it was error to arrest it on the ground that the return of service was void.

2. Another ground of the motion to arrest the judgment was misjoinder of parties. It was insisted that two of the parties had no actionable rights under the policy of insurance. After judgment, even if the contention is correct, this would afford no ground for arresting the judgment. This is a matter that should have been taken advantage of by special demurrer at the appearance term. *Merritt* v. *Bagwell,* 70 *Ga.* 578 (3 a) ; *Georgia R. Co.* v. *Tice,* 124 *Ga.* 459 (52 S. E. 916, 4 Ann. Cas. 200).

3. The judgment for attorney's fees based on Civil Code (1910), § 2549, under the allegations of the petition, was not authorized,

and the judgment of the court to that extent was properly arrested. The case before us is on an exception to the judgment setting aside the entire judgment. No evidence is brought up in the record; and we base our conclusion on the fact that the jury found that the amount due on the policy was substantially less than the amount demanded by the insured. The petition, which must be construed most strongly against the pleader, alleges that the loss was $1685, and that the demand made upon the insurance company was for the amount of the loss. We construe the petition to mean, therefore, that the demand was for the entire amount alleged in the petition to be due. The jury awarded to the assured the sum of $1400, which was an amount substantially less than the amount claimed, to wit, $285. In these circumstances the verdict for attorney's fees was unauthorized. *Southern Mutual Insurance Co.* v. *Turnley,* 100 *Ga.* 296, 303 (27 S. E. 975). The recovery provided in the Civil Code, § 2549, is a penalty. Penalties and forfeitures are not favored. The right to such recovery must be clearly shown.

4. The third, fifth, and sixth headnotes do not require elaboration.

*Judgment reversed in part, and affirmed in part. All the Justices concur.*