22427.   HAYES *v.* AMERICAN BANKERS INSURANCE CO.

JENKINS, P. J.   1. This was a proceeding to set aside a verdict and judgment, and, as presented to the court below, was based solely upon an alleged unamendable defect appearing upon the face of the record, the defect being that the record failed to show service of the process upon the defendant.   The defendant was an insurance company, alleged to be a foreign corporation with an agent and place of business in the county of the suit.   The entry of service executed by the sheriff was in the following language:   "I have this day served a copy of the within petition and

process on P. N. J. Dozier, Agt., by handing the same to him in person." The court entered judgment vacating and setting aside the verdict and judgment, and the plaintiff excepted. *Held:*

1. "A judgment can not be arrested or set aside for any defect in the pleadings or record that is aided by verdict or amendable as a matter of form." Civil Code (1910), § 5960; *Winn* v. *Butts,* 127 *Ga.* 385 (2) (56 S. E. 406); *McDonald* v. *Kimball Co.,* 144 *Ga.* 105 (2) (86 S. E. 234).

2. Since the defect in the record in the instant case was an amendable one, in that the entry of the sheriff might have been amended to show that the process was served upon the defendant by delivering it to the person named therein as agent, who was the agent of the defendant in charge of its place of business in the county, if such were the fact, it was error to vacate and set aside the verdict and judgment in the plaintiff's favor. See the exhaustive opinion of the Supreme Court in *Love* v. *National Liberty Insurance Co.,* 157 *Ga.* 259, 260 (121 S. E. 648). In *Pennsylvania Casualty Co.* v. *Thompson,* 123 *Ga.* 240 (51 S. E. 314), the judgment sought to be set aside was a judgment of "in default," and not a final judgment by default against the defendant. See the opinion of Mr. Justice Gilbert in the *Love* case distinguishing the *Thompson* case. Moreover, in the *Thompson* case the entry of service was in substance identical with the entry of service in the instant case, and it was held in the *Thompson* case that such an entry was amendable. Under the proof submitted to the trial judge upon the hearing of the motion in the instant case, the only question involved is whether the quoted entry of service constituted such an unamendable defect upon the face of the record as would authorize the setting aside of the judgment. No question is involved as to whether if there had in fact been no service upon the defendant, the verdict and judgment might be set aside upon a proper proceeding for that purpose; and no question is involved as to whether the defendant might go behind the judgment by affidavit of illegality if there had in fact been no service upon it.

*Judgment reversed. Stephens and Sutton, JJ., concur.*

Decided February 1, 1933. Rehearing denied February 22, 1933.

*A. L. Miller,* for plaintiffs in error. *A. H. Gray,* contra.

ON MOTION FOR REHEARING.

Jenkins, P. J. Counsel for defendant in error in this case has filed a very able motion for rehearing, and brief in support thereof. The main contention is that in rendering its decision this court overlooked the general principle of law that, before any court may enter a valid verdict and judgment against a defendant by default or otherwise, it must not only have first acquired jurisdiction of him by service of process upon him, but the record must show a legal return of such service, and a judgment rendered without such serv-

ice and return of service is void. Attention is called to the fact that plaintiff in error, while setting up in his answer to the motion to set aside the judgment that P. N. J. Dozier was the agent of American Bankers Insurance Company, he did not offer any evidence to sustain this allegation, nor did he offer to amend the entry of service so as to make it show that said Dozier was the agent of the defendant in charge of its place of business in the county. Movant shows that the only evidence introduced before the court below upon the hearing of the motion to set aside the judgment was the petition of the plaintiff in error, the process, and the entry of service thereon. It is argued that the plaintiff in error had an opportunity to supply a proper entry of service, if in fact such service was had, upon the hearing to vacate the judgment, and did not do so, and it is contended that, since he thus failed, this court should decide the case upon the bare question presented by the record, which is, is the following entry of service good: "I have this day served a copy of the within petition and process on P. N. J. Dozier, Agt., by handing the same to him in person. This 21st of March, 1931"? It is contended that the question whether this return might have been amended so as to constitute a good return of service upon this movant, when in fact it was not, is dehors the record. Movant, among many other cases cited and quoted from in his brief, quotes from the opinion of Justice Lamar in *Jones* v. *Bibb Brick Co.,* 120 *Ga.* 321 (48 S. E. 25), quoted by Justice Gilbert in *Love* v. *National Liberty Insurance Co.,* 157 *Ga.* 259, 264 (supra), as follows: "Process and service are essential. But the return, being only evidence of what the officer has done in serving the writ, is not jurisdictional. Still it is manifest that a court ought not to proceed without having a legal return of record to show that its process had been actually served and that it had acquired jurisdiction over the person of the defendant. If there is an entire absence of a return, or if the return made is void because showing service upon the wrong person, or at a time, place, or in a manner not provided by law, the court can not proceed." This quotation continues as follows: "If, however, the fact of service appears, and the officer's return is irregular or incomplete, it should not be treated as no evidence, but rather as furnishing defective proof of the fact of service. The irregularity may be cured by an amendment which does not make or state a new fact, but merely supplies an omission

in the statement as to an existing fact. Where there has been valid service and no return, the deficiency may be supplied before taking further steps in the cause. If there has been service and a voidable or defective return, it may be amended even after judgment, so as to save that which has been done under service valid in fact but incompletely reported to the court. For in its last analysis it is the fact of the service, rather than the proof thereon by the return, which is of vital importance. Ordinarily service is either good or bad. But process and return existing in writing may vary between void, voidable, and perfect. If either is void, the judgment predicated solely thereon is a nullity. Where process and return are not void, some classes of defects therein are cured by judgment. For many things are sufficient to prevent a judgment from being rendered which would be insufficient to set aside a judgment actually rendered. Hence the Civil Code, § 5365 [1910, § 5960] declares that 'a judgment can not be arrested or set aside for any defect in the pleadings or record that is aided by verdict or amendable as matter of form.' This right to amend a 'return' so as to make it conform to the facts is allowed on general principles and by our statute."

Movant cites many other cases, including *News Printing Co.* v. *Brunswick Publishing Co.,* 113 *Ga.* 160 (38 S. E. 333), wherein the court held that a return of service in a summons of garnishment upon "The News Publishing Company" could not be amended so as to make the return of service read as upon "News Printing Company." As will be seen by the original syllabus, the ruling of this court was based upon two Supreme Court decisions, which we thought controlling, *Love* v. *National Liberty Insurance Co.,* and *Pennsylvania Casualty Co.* v. *Thompson,* supra. It must be constantly borne in mind that this is a technical proceeding to set aside a judgment. It is not a proceeding such as might authorize it to be shown that the person actually served was not in fact the agent of the defendant in charge of its place of business in that county. Whether the contention that the person actually served as "agent" was in fact not the agent of the defendant corporation, and that consequently the defendant had not had its day in court, could be raised by affidavit of illegality or other appropriate proceeding, as was said in the original syllabus, is not before us for determination. The Code provides that "a judgment can not be arrested or set aside

for any defect in the pleadings or record that is aided by verdict or amendable as a matter of form." Civil Code (1910), § 5960. We therefore are of the opinion that the statement contained in the original syllabus, now questioned by movant in his motion for rehearing, to the effect that the only question involved is whether the quoted entry of service constituted such an unamendable defect upon the face of the record as would authorize the judgment to be set aside, is correct. If the return as entered could have been amended, the judgment was the legal equivalent to such actual amendment so far as a proceeding of this sort is concerned. Whether if it had been amended the averments of such amendment were in fact true or false, is not a question which can be considered on a motion to set aside. We agree with a very large portion of the argument and reasoning of movant in his motion and brief. There can be no question as to the correctness of his general proposition that, as in the case of other judgments, it is essential to a judgment by default that the court rendering the judgment have jurisdiction of the defendant, and, in order to have such jurisdiction, there must have been either due service of process upon the defendant or an appearance in his behalf. In the instant case there was not an "entire absence" of a return, or, as in the *News Printing Co.* case cited by movant, a return of service upon the "wrong person." As was shown by Justice Gilbert in the *Love* case, supra, "Since . . the question of jurisdiction is dependent on the fact of service and not on the proof thereof, a return failing to show the necessary jurisdictional facts, although such facts really existed, may be amended so as to conform to the truth, not for the purpose of validating a void judgment, but to show that the judgment was never void."

As already said, under the statute governing the setting aside of judgments, if the judgment could have been amended, it was in legal effect amended, so far as this particular proceeding is concerned. The sole question therefore is, whether the entry in the present case could have been amended. This, as we see it, was the only question adjudicated. If it could have been amended, the defect will be taken as having been cured by judgment. This, the one question as we see it, we think has been decided both in the *Love* case and in the *Pennsylvania Casualty Co.* case. In the *Pennsylvania Casualty Co.* case, the return of service was almost identical in language with the return of service in the instant case. In the former case the

entry was as follows: "I have this day served E. T. Moore, agent, personally, with a copy of the within bill and process. This April 1, 1904." In the present case the entry of service was: "I have this day served a copy of the within petition and process on P. N. J. Dozier, Agt., by handing the same to him in person. This 21st of March, 1931." Justice Fish in the *Pennsylvania Casualty Co.* case, supra, plainly and explicitly ruled that "The return, however, was amendable so as to include all the facts of a good service, if such facts existed, such as that Moore was the agent of the defendant company, and that the company had been served by personally serving him as its agent;" citing *Western & Atlantic R. Co.* v. *Pitts*, 79 *Ga.* 532 (4 S. E. 921). The *Pennsylvania Casualty Co.* case was not a proceeding to set aside a judgment. The question there was whether the defendant should have been allowed to plead at the trial term after the entry of service had been then amended. It did, however, unequivocally hold that the return of service was amendable. This ruling is approved by the Supreme Court in the *Love* case. It is true that it was said in the *Pennsylvania Casualty Co.* case that, "according to the original entry of service, only E. T. Moore as an individual had been served, . . and the judgment by default was void, as the court had no jurisdiction to render. it, the defendant company not having been served." But this language was criticized by Justice Gilbert in the subsequent *Love* case, where it was said: "Although the court, in that case, said 'the judgment by default' was void, as the court had no jurisdiction to render it, it was further said that the return was amendable. Nothing further appearing, the two statements seem to be inconsistent. If the return was amendable, the service was not void, and the court was not without jurisdiction." He then proceeds to clear up the seeming inconsistency by showing that the judgment in the *Pennsylvania Casualty Co.* case was not a judgment by default, but that the case was merely marked "in default," and distinguishes the seeming inconsistency in that way. He further remarks that the question of an arrest of judgment was not involved in the *Pennsylvania Casualty Co.* case.

After giving the motion and brief of the movant full consideration, we are still of the opinion that the decisions by the Supreme Court in the *Pennsylvania Casualty Co.* and *Love* cases, one adjudicating and the other recognizing that an entry such as the

one in the instant case was amendable, determine the question involved in the instant case, for the reason that, if the defect in the instant case was amendable, the verdict and judgment cured the defect, and the defendant could not be heard to attack it by motion to set aside, under the provisions of the Code governing proceedings of that character.

*Rehearing denied. Stephens and Sutton, JJ., concur.*